In re James William SUMMER, Debtor.

Ellen H. Summer DAVIS, Plaintiff,

v.

James William SUMMER, Defendant.

Bankruptcy No. 81–01902.
Adv. No. 82–0058.

United States Bankruptcy Court, D. South Carolina.

April 8, 1982.

Jean L. Perrin, Lexington, S. C., for plaintiff.

Samuel J. Abrams, Sumter, S. C., for defendant.

ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

In this adversary proceeding Ellen H. Summer Davis (the plaintiff) challenges the dischargeability of a $10,000 indebtedness to her listed by her former husband, James William Summer, (the debtor) in the schedules of his Chapter 7 bankruptcy case (11 U.S.C. § 701 *et seq.*) filed on December 16, 1981.

Alleging that the $10,000 is for arrearage in child support payments owed by the debtor to the plaintiff, the plaintiff prays: (1) for a determination by this Court that all of these monies pursuant to 11 U.S.C. § 523(a)(5)(B) [1] constitute a non-dischargeable debt, and (2) that the issues regarding these obligations be remanded to the juris-

1. 11 U.S.C. § 523(a)(5)(B): A discharge under Section 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt (5) to a spouse, former spouse or child of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement agreement, but not to the extent that—(B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support.

diction of the Lexington Family Court, pursuant to 28 U.S.C. §§ 1471(d)[2], 1478(b)[3].

By answer, the debtor denies that the $10,000 obligation is for child support, and alleges that it is part of a property settlement agreement between the parties. The debtor objects to a remand to the Lexington Family Court.

On December 16, 1975, the plaintiff, was granted a divorce, *a vinculo matrimonii*, from the debtor on the statutory ground of desertion for a period of one year or more. The parties had four minor children at the time of the divorce, two of whom were residing with the plaintiff, and two of whom were residing with the debtor.

The divorce decree incorporated an agreement theretofore made between the parties; the terms of this agreement resolved, in the language of the decree, "all issues of child custody and child support, alimony and division of property ..." In the agreement, the debtor agreed to pay to the plaintiff the sum of $30 per week as child support; the debtor also agreed to pay her the sum of $5,000, in five equal annual installments, together with interest at the rate of 6% *per annum*. This obligation was reduced to a note executed and delivered by the debtor to plaintiff. The decree itself is silent as to the purpose of the note.

Although the debtor indicated on the schedules filed in his bankruptcy case that he owes the plaintiff a total of $10,000, it appears that half of this sum was paid to the plaintiff after the filing of his petition for relief under the Bankruptcy Code. By order, issued June 25, 1981, the Lexington County Family Court found the debtor in arrears in payments of child support in the total amount of $5,047, and sentenced him to a term of one year in the county detention center, unless that sum was paid as ordered. This arrearage in child support, which had accrued since the decree of divorce was issued, was paid through the Family Court to the plaintiff in December, 1981.

The adversary proceeding now before this Court relates to the $5,000 note upon which no payments have been made by the debtor.

## ISSUE PRESENTED

IS THE NOTE EXECUTED AND DELIVERED BY THE DEBTOR TO THE PLAINTIFF, IN THE PRINCIPAL AMOUNT OF $5,000., AN OBLIGATION DISCHARGEABLE UNDER SECTION 523(a)(5)(B)?

## DISCUSSION OF LAW

The legislative history of Section 523 indicates that federal law controls the determination of what constitutes alimony, maintenance or support. House Report No. 95–595, 95th Cong. 1st Sess. 363 (1977); Senate Report No. 95–989, 95th Cong. 1st Sess. (1978); U.S.Code Cong. & Admin. News 1978, p. 5787. *See also 3 Collier on Bankruptcy*, ¶ 523.15, at 523–109 (15th Ed. 1980). The relevant inquiry then is not how the payments would be characterized under state law, but rather whether the parties intended that the payments be for support rather than as a property settlement. *Melichar v. Ost*, 661 F.2d 300 (4th Cir. 1981). Therefore, the Court may look beyond the four corners of the divorce decree or agreement of the parties in order to make a determination of the nature of the payments constituting the debt sought to be discharged. *Carrigg v. Carrigg*, 8 B.C.D. 330, 331, 14 B.R. 658, 660, 5 C.B.C.2d 446, 449 (Bkrtcy.D.S.C.1981). As stated in *Lineberry v. Lineberry*, 9 B.R. 700, 704 (Bkrtcy. W.D.Mo.1981):

> Since the nature of the claim underlying the debt determines the extent of the dischargeability, it is necessary to examine the agreement and all the circumstances surrounding the creation of the

2. 28 U.S.C. § 1471(d): Subsection (b) or (c) of this section does not prevent a district court or a bankruptcy court, in the interest of justice, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11. Such abstention, or a decision not to abstain, is not reviewable by appeal or otherwise.

3. 28 U.S.C. § 1478(b): The court to which such claim or cause of action is removed may remand such claim or cause of action on any equitable ground. An order under this subsection remanding a claim or cause of action, or a decision not so remanding, is not reviewable by appeal or otherwise.

liability to determine if the debt is in the nature of alimony, maintenance or support.

The reasoning behind this principle was succinctly stated in *Warner v. Warner*, 6 B.C.D. 788, 792, 5 B.R. 434, 440 (Bkrtcy. Utah 1980):

> [I]t cannot routinely be argued that the divorce decree, like a contract, evidences the intent of the parties in discharging support, for often the effect of the filing of bankruptcy is not in contemplation when the decree is drafted . . . therefore, it cannot be said from that recitation that the intent of the parties was or was not to provide support . . . to hold the parties to the terms of the decree as one would to the terms of a contract might often ignore the true nature of a debt . . .

The two-part test which a debt arising from a state court order for the payment of support must meet before the debt will be declared nondischargeable by the Bankruptcy Court is: first, the obligation must be payable to a spouse, former spouse, or child; second, the obligation must actually be in the nature of alimony, maintenance or support. *Carrigg v. Carrigg*, 8 B.C.D. at 331, 14 B.R. at 661, 5 C.B.C.2d at 450.

## FINDINGS OF FACT AND CONCLUSIONS

### I

The parties were divorced by decree of the Lexington County Family Court on December 16, 1975. This divorce decree, incorporated an agreement of the parties which required the debtor to pay to the plaintiff the sum of $30 per week child support. Previously, under *pendente lite* orders of child support issued in the proceeding, the debtor had been required to pay $100 per week as child support, together with court costs.

At the time of the entry of the divorce decree, the debtor was approximately $3,500 in arrears in payment of child support. Earlier, by order, issued by the Family Court of Lexington County on October 17, 1975, the debtor had been found to have been $2,639 behind in payment of child support. From the time of the entry of the October, 1975 order until the issuance of the final decree of divorce in December, 1975, no additional child support payments were made by the debtor, resulting in an arrearage of approximately $3,500.

The debtor, at the time of the divorce decree, had been ordered by the Lexington County Family Court to serve six months in jail for contempt of court for his failure to pay child support. The agreement of the parties, as adopted in the decree of divorce, had the effect of nullifying the sentence for contempt. At the request of the debtor, child support payments were reduced by this agreement from $100 per week, to $30 per week because of the financial difficulties of his real estate business resulting in his inability to make the $100. payments.

In order to assist the plaintiff in maintaining her children's economic standard of living, notwithstanding his reduction in support payments, and ultimately to pay the then arrearage in child support, the debtor gave the plaintiff his $5,000 note payable at 6% interest in five equal annual installments.

The debtor in his testimony generally denied that this $5,000 was for child support; he failed to designate what he alternately contended was the actual nature of this obligation. Specifically, as above noted, the debtor pled in his answer that it was for property settlement; however, there is no evidence in the record regarding any property that the parties possessed at the time of the divorce, such that a division thereof would be necessary.

The $5,000 obligation which is the subject of this proceeding appears to be in the nature of child support, and thus nondischargeable. It meets the two-prong test of *Carrigg*.

### II

At the time of the filing of the debtor's petition for relief under the Bankruptcy Code, all of the issues regarding the debtor's arrearage in child support payments were pending in the Lexington Family

Court. Therefore, it appears appropriate for this court to now remand, pursuant to 28 U.S.C. §§ 1471(d), 1478(b), this matter to the court, for final determination of the exact amount of the obligation of the debtor to the plaintiff, thereby permitting the plaintiff to pursue remedies available to her under state law in the collection and enforcement of the non-dischargeable debt.

ORDER

For the reasons herein stated, the payments required to be paid by the debtor to the plaintiff by the divorce decree dated December 16, 1975, and, specifically those payments on the $5,000 note executed in connection therewith, are determined to be in the nature of child support, and are, therefore, nondischargeable under 11 U.S.C. § 523(a)(5)(B).

The other issues in this bankruptcy proceeding involving the obligations of the debtor to the plaintiff for child support are remanded to the Lexington County Family Court for final determination.

IT IS SO ORDERED.