In the Matter of William POLEN, Debtor.

Ruth POLEN, Plaintiff,

v.

William POLEN, Defendant.

Bankruptcy No. 82–00894.
Complaint No. 82–0791.

United States Bankruptcy Court, D. South Carolina.

March 21, 1983.

Howard M. Heneson, Baltimore, Md., for plaintiff.

Irby E. Walker, Jr., Conway, S.C., for defendant.

## ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The issue in this adversary proceeding is whether the obligation set forth in a Monetary Award and Order dated October 5, 1981, and in an Amended Monetary Award and Order dated November 12, 1981, issued by the Circuit Court for Baltimore County, Maryland, constitutes alimony, which is not dischargeable in bankruptcy, or whether it is in the nature of a property settlement which is dischargeable in bankruptcy.

This Court has jurisdiction pursuant to 28 U.S.C. § 1471.

## FINDINGS OF FACT

1. William Polen, (the defendant), the debtor in the above-referenced Chapter 7 case, filed a Petition for Relief under Chapter 7 of the Bankruptcy Code on June 1, 1982, wherein Ruth Polen (the plaintiff), was listed as a creditor.

2. On and before July 8, 1981, the plaintiff was the wife of the defendant. By the Decree of Divorce dated July 8, 1981, the Circuit Court for Baltimore County, Maryland (the Circuit Court) dissolved the marriage between the parties and ordered the defendant to pay to the plaintiff $25.00 per week as alimony; all matters pertaining to the marital property of the parties and the division thereof were reserved for future determination and order of the court.

3. On October 5, 1981, the Circuit Court issued a Monetary Award and Order requiring the defendant to pay unto the plaintiff $32,878.00 as an adjustment of the equities and rights of the parties concerning their marital property. That court determined and valued the marital property of the parties as follows:

| | | |
|---|---|---|
| (a) | One (1) 1959 ABC Trailer Home | $3,000 |
| (b) | One (1) 16 foot Owens Fiberglass Runabout Boat, Motor and Trailer | 500 |
| (c) | One (1) Nimrod Camper | 500 |
| (d) | Savings Account | $13,600 |
| (e) | One (1) 1979 Oldsmobile Cutlass | 4,500 |
| (f) | Ironworkers Local Number 16 Pension Fund on William Polen | 43,656 |

4. On November 12, 1981, an Amended Monetary Award and Order was issued by the Circuit Court requiring the defendant to pay to the plaintiff the sum of $11,500 as an adjustment of the equities and rights of the parties concerning marital property. The Amended Monetary Award and Order further ordered that the plaintiff was to receive directly one-half (½) of the defendant's pension from the Ironworker's Local Number 16 Pension Fund as it accrued. Counsel for the plaintiff has admitted that a reasonable construction of this portion of the Amended Monetary Award and Order was that the plaintiff was to receive one-half (½) of the defendant's pension for only so long as it took for her to receive the sum of $11,500 as satisfaction of her claim to any equity in the marital property of the parties.

5. By Order of Wage Lien, dated March 26, 1982, the Circuit Court ordered that a lien issue in the amount of $216.50 per month against the earnings and/or other forms of periodic payments due or to be due the defendant and that the Fringe Benefit Office of Ironworkers Local Number 16 deduct $216.50 from the earnings and/or other form of periodic payments due, or to be due, the defendant, and remit the same directly to the plaintiff for and on account of the plaintiff's share in the parties' marital property.

6. By Order dated July 30, 1982, the Circuit Court reduced the amount of alimony which the defendant is required to pay to the plaintiff from $25 per week to $20 per week.

## DISCUSSION

The Plaintiff contends that the debt of the defendant to the plaintiff as set forth above is support which the defendant is obligated to provide the plaintiff after the dissolution of their marriage and, as such,

constitutes alimony which is non-dischargeable under Section 523(a)(5) of the Bankruptcy Code [11 U.S.C. § 523(a)(5)]. The defendant takes the position that the debt is not support or alimony, and is therefore, dischargeable.

The debt does not fall within the purview of § 523(a)(5); therefore, it is dischargeable.

Section 523(a)(5) states that "[A] Discharge under § 726, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt to a spouse, former spouse, ... of the debtor, for alimony to, maintenance for, or support of both spouse or child, in connection with a separation agreement, divorce decree, or property settlement..."

As support for her contention, the plaintiff has cited *Obenshain v. Obenshain,* 11 B.R. 904, 4 C.B.C.2d 948 (Bkrtcy.W.D.Va. 1981) and *Carrigg v. Carrigg,* 8 B.C.D. 330, 14 B.R. 658, 5 C.B.C.2d 446 (Bkrtcy.D.S.C. 1981). Neither of these cases seem to support the plaintiff's position.

The issue in *Obenshain* was whether an amount awarded by a Texas Court to a wife in a "Property Settlement and Support Agreement" was a dischargeable obligation as a division of spousal property or whether the obligation was a non-dischargeable debt in the nature of alimony. The Bankruptcy Court noted that alimony after divorce, as such, was not permitted in the State of Texas.

In *Obenshain* the parties entered into a Property Settlement and Support Agreement in an effort to resolve the issues of property division and support. The husband had agreed to pay $150 per month to the wife following the granting of a divorce and to continue such payments thereafter. The Court, finding that the agreement was merely a substitute for alimony, held that the obligation was non-dischargeable in bankruptcy. However, the Court noted with approval a quotation from an annotation at 74 A.L.R.2d 758 (1960) which stated: "A property settlement agreement between spouses is dischargeable in bankruptcy, at least where it is truly substantially a prop-erty agreement and not an agreement for alimony, support or maintenance."

*Carrigg* dealt with an agreement incorporated into a divorce decree under the terms of which a Chapter 7 debtor was obligated to pay his former spouse $200 a month for her living expenses in consideration for her relinquishment of her residence in the family abode. The obligation was to terminate upon her death or re-marriage, but was characterized by the instrument as a property settlement. Under the terms of the agreement, the wife had waived all rights to alimony. The Court held that the debtor's obligation to make monthly payments to his former spouse for living expenses in consideration for her agreement to end her residence in the family abode was in the nature of alimony, maintenance or support, despite language in the Divorce Decree to the contrary; the obligation was designed to terminate upon the former spouse's death or re-marriage.

In the instant case, by the Decree of Divorce dated July 8, 1981, the Circuit Court ordered the defendant to pay to the plaintiff $25 per week as alimony. This sum was reduced by Order dated July 30, 1982, to $20 per week.

## CONCLUSIONS

The $11,500 which the Circuit Court ordered the defendant to pay to the plaintiff is not in the nature of alimony, maintenance or support, alimony having been specifically dealt with by the court. The Monetary Award and Order, Amended Monetary Award and Order, and Order of Wage Lien were to terminate upon the payment to the plaintiff of the sum of $11,500. The debt of the defendant to the plaintiff is in the nature of a property settlement which is dischargeable in this Chapter 7 proceeding.

## ORDER

Based upon the foregoing, it is hereby Ordered, Adjudged and Decreed, that the Complaint in this matter be, and the same is hereby dismissed with prejudice.