In re Francis Bryan **CRIBB**, Debtor.

Francis Bryan **CRIBB**, Plaintiff,

v.

Camelia P. **CRIBB**, Defendant.

**Bankruptcy No. 83–00333.
Complaint No. 83–0675.**

United States Bankruptcy Court, D. South Carolina.

Oct. 31, 1983.

George G. Reaves, Florence, S.C., for plaintiff.

E. Leroy Nettles, Jr., Lake City, S.C., for defendant.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

This is before the court on the plaintiff's complaint to have certain indebtednesses declared dischargeable. The defendant contends that the debts are in the nature of alimony, maintenance, or support for herself and her child, and, as such, are not dischargeable.

## FINDINGS OF FACT

The plaintiff and defendant were divorced in 1982. The parties entered into a settlement agreement on the issues of cus-

tody of the minor child, possession of the marital residence, alimony, child support, attorney's fees, and the disposition of their joint personal property. On March 15, 1982, the Family Court Judge entered a consent order adopting the terms of the settlement agreement.

That consent order provided that the plaintiff agreed:

[T]o assume sole responsibility and hold Petitioner [defendant] harmless for the repayment of the second mortgage indebtedness relative to said property as required by the terms of the parties' note to the Anderson State Bank . . . .

The consent order also provided that the plaintiff would be responsible for the repayment of a credit account indebtedness of $37.00 a month.

The plaintiff was also to be responsible for the repayment of $98.00 a month on an indebtedness on a camper owned by the plaintiff. The defendant agreed, in return, to give up any claim of ownership which she might have in the camper.

On February 23, 1983, the plaintiff filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. § 701, *et seq.*).

## DISCUSSION AND CONCLUSION

11 U.S.C. § 523(a)(5) states that:

A debtor may not be discharged from any debt to a spouse, former spouse, or child of the debtor for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or property settlement, but not to the extent that— . . . (B) such debt includes a liability designated as alimony, maintenance or support, unless such liability is actually in the nature of alimony, maintenance or support.

To clarify the intent of Congress in enacting this section of the Bankruptcy Code of 1978, the legislative history is entitled to great weight. *Pauley v. Spong (In re Spong),* 661 F.2d 6, 10 (2nd Cir.1981). The Senate and House Reports both stated that

"This language [of § 523(a)(5)] . . . will apply to make nondischargeable only alimony, maintenance, or support owed directly to a spouse or dependent. What constitutes alimony, maintenance, or support, will be determined under the bankruptcy laws, not State law." H.R.Rep. No. 95–595, 95th Cong., 1st Sess. 363 (1977); S.Rep. No. 95–989, 95th Cong., 2nd Sess. 77–79 (1978), U.S.Code Cong. & Admin.News, pp. 5787, 5865, 6320. The Reports further stated that "This provision will, however, make nondischargeable any debts resulting from an agreement by the debtor to hold the debtor's spouse harmless on joint debts, to the extent that the agreement is in payment of alimony, maintenance, or support of the spouse, as determined under bankruptcy law considerations of whether a particular agreement to pay money to a spouse is actually alimony or a property settlement." *Id.*

Thus, the bankruptcy court may look beyond the four corners of a divorce decree or an agreement of the parties in order to determine the nature of the payments constituting the debts sought to be discharged. The characterization placed on the award by a state court in the decree is not determinative. The function or purpose which the award was intended to serve or support is the crucial issue. *Williams v. Williams (In re Williams),* 703 F.2d 1055 (8th Cir.1983); *Jensen v. Jensen (In re Jensen),* 17 B.R. 537 (Bkrtcy.W.D.Mo.1982); *Carrigg v. Carrigg (In re Carrigg),* 8 B.C.D. 330, 14 B.R. 658, 5 C.B.C.2d 446 (Bkrtcy.D.S. C.1981); *Spong, supra* at 9; *Poolman v. Poolman,* 289 F.2d 332, 335 (8th Cir.1961).

There is a two-prong test which a debt arising from a state court order for the payment of alimony, support, or maintenance must meet before the debt will be declared nondischargeable by the bankruptcy court. First, the obligation must be payable to a spouse, former spouse, or child; second, the obligation must be in the nature of alimony, maintenance, or support. *Summer v. Summer (In re Summer),* 20 B.R. 24 (Bkrtcy.D.S.C.1982), citing *Carrigg, supra* at 661.

The party challenging the dischargeability of a debt bears the burden of proof. *Stone v. Stone (In re Stone),* 11 B.R. 209, 211 (Bkrtcy.D.S.C.1981). *See also, Green v. Green (In re Green),* 5 B.R. 247, 2 C.B.C.2d 905 (Bkrtcy.N.D.Ga.1980). Thus, the wife has the burden of proving that the debts are in the nature of alimony, maintenance, or support, and, as such, nondischargeable.

## I

The order from the Williamsburg County Family Court contains elements of both support and maintenance and property settlement. By their consent, both parties indicated that they were satisfied with the settlement.

Applying the *Carrigg* test, it appears that the agreement between the parties concerning the assumption of the first mortgage by the wife and the release of the husband's obligation on that debt, and the assumption of the second mortgage by the husband and the release of the wife's obligation on that debt, indicates that the payment of the second mortgage assumed by the debtor is an obligation payable or owed directly to the former spouse and to the minor child.

The fact that the debtor will, in all probability, pay the bank directly, rather than through his former wife, has no material bearing on the nondischargeability of the debt. Divorce decrees often provide for debt assumption in lieu of, or as part of, alimony, support, or maintenance. It is frequently inconvenient or impractical to require the debt to be paid through the spouse rather than directly to the creditor. *Wolfe v. Wolfe (In re Wolfe),* 26 B.R. 781, 785 (Bkrtcy.D.Kan.1982). In this case, the mortgage debt satisfies the first part of the *Carrigg* test.

The purpose of the debtor's assumption of the second mortgage debt was to maintain and support the former spouse and child in the family home. The obligation to maintain and support a family includes the obligation to keep a roof over their heads. *Carrigg, supra* at 662, citing

*Poolman, supra* at 335. This is what the debtor undertook when he agreed to assume the second mortgage on the home in which his former spouse and his child were to live.

Clearly, the debt assumption on the second mortgage meets both prongs of the test and is, therefore, not a dischargeable debt under 11 U.S.C. § 523(a)(5)(B).

## II

We turn now to the issues of the Sears credit account debt of approximately $37.00 a month and the debt of $98.00 a month on the camper owned by the debtor. The wife agreed to give up any claim or right of ownership in the camper and derived no benefit from it.

Applying the twofold test to these debts, we find that the Sears bill and the camper loan owed to the Anderson State Bank are obligations not payable to, or owed directly to, the former spouse and child.

Furthermore, there is no evidence that these obligations assumed under the "hold harmless" agreement represent property or services necessary for the support and maintenance of the debtor's former spouse and child. Therefore, the defendant has failed to meet her burden of proving that these debts satisfy the *Carrigg* test and are nondischargeable in bankruptcy. *George v. George (In re George),* 15 B.R. 247, 249, 5 C.B.C.2d 655 (Bkrtcy.N.D.Ohio 1981); *Miller v. Miller (In re Miller),* 8 B.R. 174, 3 C.B.C.2d 595 (Bkrtcy.N.D.Ohio 1981).

Therefore, the debt for the Sears account and the debt for the camper are not in the nature of alimony, support, or maintenance and, as such, are dischargeable.

## ORDER

It is, therefore, ORDERED, ADJUDGED AND DECREED that the relief sought by the plaintiff in his complaint is granted in part and denied in part. The second mortgage debt is not discharged. The Sears credit account debt and the camper loan owed to the Anderson State Bank are discharged.