**In re Alan Miles FROMAN and Karen Amy Froman, Debtors.**

**Alan Miles FROMAN, Plaintiff,**

v.

**Elaine FROMAN, et. al., Defendants.**

**Bankruptcy No. 83–00962–BKC–SMW.**
**Adv. No. 84–0306–BKC–SMW–A.**

United States Bankruptcy Court,
S.D. Florida.

Oct. 22, 1984.

Samuel L. Heller, Fort Lauderdale, Fla., for debtor.

Patrick A. Barry, Fort Lauderdale, Fla., trustee.

Froman pro se.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

SIDNEY M. WEAVER, Bankruptcy Judge.

THIS CAUSE having come before the Court upon a Complaint to Determine Non-dischargeability of a Debt under 11 U.S.C. Section 523(a)(5) and for Injunctive Relief and the Court having heard the testimony and examined the evidence presented; observed the candor and demeanor of the witnesses; considered the arguments of counsel and being otherwise fully advised in the premises, does hereby make the following findings of fact and conclusions of law:

Plaintiff, Alan Miles Froman, and Defendant, Elaine Froman, were divorced on August 27, 1974 in Dade County, Florida. On August 19, 1974, in anticipation of the pending divorce, the parties entered into a Property Settlement Agreement which granted primary custody of the one year old child to the wife, required the Plaintiff to pay child support and which contained various other provisions for child visitation, alimony and property distribution. This Property Settlement Agreement was incorporated by reference into the Final Judgment Dissolving Marriage.

It is alleged by the Plaintiff that certain awards in the Property Settlement Agreement are not in the nature of alimony, maintenance or support, but are distributions of property and as such are discharged under Section 523(a)(5)(B) of the Bankruptcy Code. Specifically, the Plaintiff seeks a determination that the following three classes of debt due to the Defendant are discharged:

1. the balance due Defendant from Plaintiff's nonpayment of two promissory notes of $1,970.98 each and one note of $1,970.99, plus interest and attorney's fees;

2. a balance of $2,841.54 for reimbursement due Defendant for Plaintiff's half of insurance premiums plus interest; and

3. an award by a Georgia State Court to Defendant in the amount of $2,000 for attorney's fees necessitated in an action to recover child support obligations.

The Plaintiff withdrew his claim for a determination of non-dischargeability as to the $2,841.54 insurance payment reimbursement and the $2,000 attorney's fee award for child support and the parties stipulated that the Court should determine that these two amounts are liabilities "actually in the nature of support" under 11 U.S.C. Section 523(a)(5)(B) and as such are non-dischargeable by Plaintiff.

The only issues remaining for resolution by the Court are: (1) whether the balance due on the promissory notes is a result of a dispursement of property between the parties or was intended as alimony, maintenance and support and (2) whether such payments are dischargeable by the Plaintiff.

The existence of the promissory notes now in issue resulted from the provisions of paragraph three of the Property Settlement Agreement, which stated, in part, as follows:

3. ALIMONY. The parties currently are the holders of several joint assets, including bank accounts, contract to purchase real estate, personal furnishings, savings bonds, etc. The parties further state that throughout the marriage both the husband and the wife have been gainfully employed and that their assets consist of properties earned by and belonging to both parties. Accordingly, it is the intent herein that the wife receive a lump-sum alimony, combining both her own funds and that of her husband in the amount of $27,500.00 payable as follows:

* * * * * *

The Property Settlement Agreement then recited that the Defendant would retain: (a) $1,900 of jointly held U.S. Savings Bonds ($950 of which was credited against the $27,500); (b) a $10,000 certificate of deposit held in joint names; and (c) $11,000 held in a joint savings account. Subparagraph (d) provided for the balance of the $27,500 (i.e. $5,550) to be payable in three installments evidenced and secured by promissory notes executed by the Plaintiff.

Accordingly, on September 5, 1974, three notes were executed by the Plaintiff in favor of his ex-wife. Two of the notes were in the face amount of $1,970.98 each and the third note was in the amount of $1,970.99 for a total of $5,912.95, which amount the parties agreed was the difference required to pay the Defendant the grand total of $27,500 as specified in paragraph three of the Property Settlement Agreement.

The Plaintiff asserts that these notes were executed as a means to effectuate an equitable distribution of property between the parties, rather than as payments for alimony, maintenance or support and that any debt due as a result of the execution of these notes is premised on this distribution of property and is therefore dischargeable by the Plaintiff.

█ It is clear that this Property Settlement Agreement sets aside paragraphs separately numbered and designated as "Alimony" and "Division of Property". However, the labels and recitations found in the divorce decree are not to be determinative of the nature of such awards in a bankruptcy context. *Matter of Bailey*, 20 B.R. 906 (Bkrtcy.W.D.Wis.1982); *In re Warner*, 5 B.R. 434 (Bkrtcy.D.Utah, D.C. 1980); *In re Carrigg*, 14 B.R. 658 (Bkrtcy. D.S.C.1981); *In re Ingram*, 5 B.R. 232 (Bkrtcy.N.D.Ga.1980).

Section 523(a)(5)(B) excepts alimony debts from discharge only if such liability is actually in the nature of alimony, maintenance or support. The Historical Notes relating to this section further state that "What constitutes alimony, maintenance or support, will be determined under the bankruptcy law, not state law". S.Rep. No. 989, 95th Cong., 2nd Sess. 77–79 (1978), U.S. Code Cong. & Admin.News 1978, pp. 5787, 5863–5865. These comments require the Bankruptcy Court to conduct a further investigation into the nature of the award. Accordingly, Courts have interpreted 11 U.S.C. Section 523(a)(5) to mandate that they "look behind the recitations of the divorce decree to the substance of the situation". *Matter of Bailey, supra.; In re Carrigg, supra.* Upon this basis, the Court in *Bailey* developed a two-prong test which required the Court to look at (1) the form of the award and (2) the circumstances of the parties to determine whether an award is actually in the nature of alimony, maintenance or support.

In analyzing the form of the award the *Bailey* Court established the following criteria:

Is the award to be paid in installments, does it terminate on the death of either spouse or on the remarriage of the recipient spouse, is it labelled support by the divorce court? These factors are to be given some weight as evidence of the parties' intentions, but will not defeat an award which is clearly intended to be for a spouse's support ... *If a debt is imposed to discharge the state law duty of support, no matter what the form of the obligation, it is not dischargeable.* The award need not have the traditional characteristics of support. (Citations omitted) (emphasis added).

■ This Court adopts the reasoning of the *Bailey* case and applys the criteria therein to the instant case. It is clear that payments of the balance due to the Defendant were to be made in installments until paid in full and that the awards were consistently labelled as "alimony" by the divorce court and in subsequent state court actions seeking enforcement of the provisions of the agreement. However, unlike the specific provision under paragraph 3(f) of the Property Settlement Agreement (relating to the termination of additional monthly alimony upon the expiration of a 24 month period or the remarriage of the wife prior to the specified time period) the provision calling for payment of the balance of the designated lump sum alimony was secured by the execution of promissory notes. This exception to the form of the award as contemplated by the *Bailey* case would initiate careful scrutiny of the underlying transaction but would not, in and of itself, cause the award to be deemed a division of property as opposed to alimony, maintenance or support.

The Court now turns to the second area of consideration which requires an analysis of the circumstances of the parties at the time the Property Settlement Agreement was executed in order to determine whether the award was actually in the nature of alimony, maintenance or support. The Court finds, after careful consideration of the testimony and evidence presented, that the parties contemplated that upon the birth of their child the wife would not work. The Property Settlement Agreement further emphasized this intent by stating at paragraph 2(d):

The parties acknowledge that the child is currently an infant and necessitates full-time attention, and will necessitate such attention for several years in the future.

The testimony also indicated that the wife did leave her job in order to stay at home and care for the child.

In order to reconcile this express intent regarding the care of the child, the unemployment of the wife and the undetermined intention of the parties regarding this award, the Court must look at the totality of the circumstances. As a result of this analysis, the Court finds that absent the money due on the balance of the $27,500 (i.e. $5,500) the wife would receive, under the remaining terms of the Property Settlement Agreement, only $75.00 a month for a two year period as alimony for herself and initially only $50 per week for child support. The Court finds that the award of $75 per month total alimony and the intent of the parties (for the mother to remain at home to raise the child) are inconsistent. Taking into account however, a "lump sum" alimony award of $27,500 intended for maintenance and support, the Court finds that the additional monthly increment in more in line with the express intent of the parties.

The Debtor, as Plaintiff in this case, argues that the award of $27,500 was in the nature of an equal distribution of property held by the parties at the time of the divorce decree, with his share of the distribution being a substantial amount of cash held by him at the time. The Court rejects this argument as being inconsistent with the evidence and testimony presented in the absence of any worksheets or other documents supporting his assertions as to the value of the cash holdings or that such values were actually considered in drafting the specific language contained in the Property Settlement Agreement.

In summary, the Court finds that the money due to Defendant was to be in the

nature of lump sum alimony necessary for maintenance and support, and that the balance due to Defendant on the promissory notes is non-dischargeable by virtue of Plaintiff's bankruptcy. Accordingly, Plaintiff's request for injunctive relief is also denied.

A separate Order will be entered in accordance with these Findings of Fact and Conclusions of Law.