In re Victor M. GOODMAN and Donna F. Goodman, Debtors.

Audree Goodman MANDEL, Plaintiff,

v.

Victor M. GOODMAN and Donna F. Goodman, Defendants.

Bankruptcy No. 84–00007.
Complaint No. 84–0115.

United States Bankruptcy Court,
D. South Carolina.

July 30, 1985.

Scott Elliott, Columbia, S.C., for plaintiff.

Julio E. Mendoza, Jr., Robinson, Smith & Mendoza, Columbia, S.C., for defendants.

## MEMORANDUM AND ORDER

J. BRATTON DAVIS, Bankruptcy Judge.

The plaintiff, Audree G. Mandel (Mandel), brought this adversary proceeding against the defendants Victor M. Goodman (Goodman) and Donna F. Goodman seeking a determination that payments due from Goodman to Mandel under a Wisconsin divorce judgment are not dischargeable under 11 U.S.C. Section 523. The divorce judgment imposed upon Goodman the obligation to make two types of payments to Mandel: payments for child support, and payments "in lieu of all alimony". The defendants do not contest the nondischargeability of the child support payments, but contend that the payments denominated "in lieu of all alimony" are dischargeable. For the reasons set forth below, the court finds that the payments for child support are nondischargeable, and that the payments denominated "in lieu of all alimony" are dischargeable.

## FACTS

1. Mandel is a citizen and resident of the State of Wisconsin.

2. The defendants are citizens and residents of the State of South Carolina.

3. The defendants filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code (11 U.S.C. Sections 101 [1] et. seq.) on January 4, 1984.

4. Mandel and Goodman were previously married in the State of Wisconsin. The marriage lasted for over twenty years, during which time Mandel and Goodman had five children.

5. Mandel married Goodman prior to Mandel's completion of her college education, and never completed her formal education. She worked occasionally during the marriage on a part-time basis.

6. Goodman has a degree in civil engineering and worked steadily throughout the parties' marriage. At the time of their divorce, Goodman was the co-owner of a roofing business and had an income of approximately $52,000 per year.

7. At the time of the divorce, Mandel had personal assets of her own. The parties disagree as to the value and significance of these assets.

8. Mandel and Goodman were divorced by judgment of the County court, Branch II, Dane County, Wisconsin, dated September 6, 1975.

9. The divorce judgment, requiring Goodman to make payments to Mandel, states:

That in lieu of all alimony, the defendant [Goodman] shall pay the plaintiff [Mandel] the sum of $84,000.00, such sum to be paid in monthly installments over the next twelve (12) years, the first of said payments to commence on the 5th day of December, 1974, and on the 5th day of each month thereafter, for a period of twelve (12) years, until said sum of $84,000.00 is fully paid. Said monthly payments shall be in the approximate sum of $583.33, and shall be paid directly to the plaintiff [Mandel].

10. The divorce judgment further required that Goodman make certain payments to Mandel denominated as child support payments on behalf of the parties' minor children.

11. One child of the parties remains unemancipated and Goodman is in arrears in the child support payments. The parties agree that these payments are not dischargeable under Section 523(a)(5).

12. Under the terms of the divorce judgment, Goodman's obligation to make the payments denominated "in lieu of all alimony" to Mandel does not terminate upon Mandel's death or remarriage.

13. The payments denominated "in lieu of all alimony" are to be made over a fixed

---

1. Further reference to the Bankruptcy Code shall be by section number only.

period of time, with a fixed number of payments, to reach a fixed total dollar amount.

14. The payments denominated "in lieu of all alimony" are owed to Mandel without regard to her financial circumstances.

15. The parties agree that, absent a determination herein that the payments are dischargeable, payment in full is the only means for termination of Goodman's obligation to make the payments to Mandel denominated "in lieu of all alimony".

16. Both Mandel and Goodman have remarried since their divorce in 1975.

17. The needs and necessary support of Mandel are adequately provided to her by her present husband, Marvin Mandel.

18. For the tax years set forth below, Goodman deducted the amounts set out as alimony from his income for the purposes of his State and Federal income tax:

| 1974 | - | unavailable |
|------|---|-------------|
| 1975 | - | $ 7,000.00 |
| 1976 | - | 8,167.00 |
| 1977 | - | 6,133.00 |
| 1978 | - | 12,833.00 |
| 1979 | - | $ 7,000.00 |
| 1980 | - | -0- |
| 1981 | - | 400.00 |
| 1982 | - | -0- |
| 1983 | - | -0- |

19. For the tax years set forth below, Mandel claimed the following payments as alimony payments for the purposes of computing her adjusted gross income for State and Federal income tax:

| 1974 | - | $ 8,716.00 |
|------|---|-------------|
| 1975 | - | 6,717.00 |
| 1976 | - | 7,000.00 |
| 1977 | - | 7,000.00 |
| 1978 | - | 7,000.00 |
| 1979 | - | $ 7,000.00 |
| 1980 | - | 7,000.00 |
| 1981 | - | -0- |
| 1982 | - | -0- |
| 1983 | - | -0- |

20. For the first years after entry of the divorce judgment, Goodman made all payments as required, but, thereafter, he suffered financial and health problems. He is now in arrears in the payments of both child support and the payments denominated "in lieu of all alimony".

21. With regard to the payments denominated "in lieu of all alimony", Goodman is in arrears in the amount of $41,600.00.

22. The divorce judgment dated September 6, 1975, has been registered with the Clerk of the Family Court for Richland County, South Carolina, for the purposes of enforcement. Efforts to enforce the child support obligations have been made in Richland County, South Carolina.

Mandel contends that the payments denominated "in lieu of all alimony" are in the nature of maintenance and support, and are nondischargeable in bankruptcy. The defendants contend that the payments are a property settlement paid by installments, and are dischargeable as such.

## DISCUSSION

As debtors under Chapter 7, the defendants seek to be discharged of liabilities pursuant to Section 727. However, Section 523(a)(5)(B) provides that:

(a) A discharge under section 727, 1141, or 1328(b) of this title does not discharge an individual debtor from any debt—

\*     \*     \*     \*     \*     \*

(5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree, or other order of a court of record, or property settlement agreement, but not to the extent that—

\*     \*     \*     \*     \*     \*

(B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support;

In determining whether the payments "in lieu of all alimony" are dischargeable or nondischargeable under Sec-

tion 523(a)(5)(B), the court is not bound by the four corners of the divorce judgment; rather, the court looks to the intended function or purpose of the payment provisions. *Williams v. Williams (In re Williams)* 703 F.2d 1055, 1057 (8th Cir.1983); *Pauley v. Spong (In re Spong)*, 661 F.2d 6 (2d Cir. 1981); *Boyd-Leopard v. Douglass (In re Boyd-Leopard)*, 40 B.R. 651, 654 (Bankr.D. S.C.1984), *Cribb v. Cribb (In re Cribb)*, 34 B.R. 862, 864 (Bankr.D.S.C.1983); *Davis v. Summer (In re Summer)*, 20 B.R. 24, 25 (Bankr.D.S.C.1982); and *Carrigg v. Carrigg (In re Carrigg)*, 8 B.C.D. 330, 14 B.R. 658, 660, 661, 5 C.B.C.2d 446 (Bankr.D.S.C. 1981). Hence, the court is not required to accept the designation in the divorce Judgment that the payments are "in lieu of all alimony".

■ However, in challenging the dischargeability of the debt denominated "in lieu of all alimony", the burden is upon Mandel to establish that the payments are in the nature of alimony, maintenance or support, and are thus nondischargeable. *Boyd-Leopard, supra* at 654; *Cribb, supra* at 865; and *Sylvester v. Stone (In re Stone)*, 11 B.R. 209, 211 (Bankr.D.S.C. 1981).

The test for nondischargeability under Section 523(a)(5)(B) is a two-prong test: first, the obligation must be payable to a spouse, former spouse or child; second, the obligation must be in the nature of alimony, maintenance or support. *Boyd-Leopard, supra* at 654; *Cribb, supra* at 864; *Summer, supra*, at 26; *Carrigg, supra* at 661.

The defendants do not dispute that the first prong has been satisfied inasmuch as the payments to Mandel are payments to the debtor Goodman's former spouse. It is the second prong of the test—whether the payments denominated "in lieu of all alimony" are in the nature of alimony, maintenance or support—that is in issue.

■ In South Carolina, alimony terminates upon the death or remarriage of the recipient ex-spouse. *Boyd-Leopard, supra* at 656, citing *Darden v. Witham*, 258 S.C. 380, 188 S.E.2d 776 (1972). It appears that Wisconsin does not have an automatic termination of alimony upon the death or remarriage of the recipient ex-spouse, *see*, e.g., *Martin v. Martin*, 46 Wis.2d 218, 174 N.W.2d 468 (Wis.1970) (overruled on other grounds); *see also* Wisconsin Code of Laws, Section 767.32(3); however, the question of whether the payments are nondischargeable under Section 523(a)(5)(B) is to be determined by the Bankruptcy Court, and "an obligation which does not terminate on the death or remarriage of the recipient spouse is more indicative of a property settlement than alimony or support." *Carrigg; Boyd-Leopard*, at 655–656. As this court stated in *Boyd-Leopard:*

> The fact that these payments do not terminate upon the remarriage or death of the defendant recipient ex-spouse should be considered in determining whether the obligation is support, maintenance or alimony for the defendant. *Hixson v. Hixson (In re Hixson)*, 23 B.R. 492 (Bkrtcy.S.D.Ohio 1982); *Carrigg, supra*. In this case, this factor is especially relevant because the defendant has remarried.

40 B.R. at 656.

■ In the instant case, Mandel has remarried and has stipulated that her present husband adequately provides for her needs and necessary support. Upon cross-examination at the evidentiary hearing, Mandel testified that the payments "in lieu of all alimony" are owed without regard to Mandel's financial circumstances, and the only means by which Goodman can terminate his obligation to make the payments "in lieu of all alimony" is through payment in full. The court notes that the payments are to be made over a fixed period of time, with a fixed number of payments, to reach a fixed total amount, which indicates that the payments are in the nature of a property settlement and are dischargeable. *See Polen v. Polen (In re Polen)*, 30 B.R. 572 (Bkrtcy. D.S.C.1983).

Based upon the facts in this case, the court finds that the function or purpose which the payments "in lieu of all alimony" were intended to serve is not in the nature

of alimony, maintenance or support. The payments are unrelated to Mandel's need for support or her death or remarriage, and are owed without regard to the circumstances of the parties until paid in full. Although this court is not bound by the statement in the divorce judgment which identifies the payments as being "in lieu of all alimony", the court may consider that description of payments in the divorce judgment as an indication of the parties' intent.

Furthermore, it cannot routinely be argued that the divorce decree, like a contract, evidences the intent of the parties in discharging support, for often the effect of the filing of bankruptcy is not in contemplation when the decree is drafted. An award or waiver of "alimony" may have been phrased for its effect on the tax liability of the parties or for some other reason unrelated to the true character of the debt. Dischargeability is not at issue until this Court's jurisdiction is invoked. Therefore, it cannot be said from that recitation that the intent of the parties was or was not to provide support for the spouse which is nondischargeable in bankruptcy. To hold the parties to the terms of a decree as one would to the terms of a contract might often ignore the true nature of the debt. *Warner v. Warner (In re Warner)*, 5 B.R. 434, at 441, 6 B.C.D. 788, at 792 (Bankr.D. Utah 1980).

Mandel argues, however, that the parties' tax treatment of the payments is evidence of the true nature of the payments, and that Goodman must be bound by his treatment of the payments in his tax returns as alimony. This argument overlooks key considerations used by courts in deciding the dischargeability of obligations under bankruptcy law. In determining nondischargeability under Section 523(a)(5)(B), courts recognize that parties sometimes treat payments under a divorce settlement as one thing for tax purposes, while the true purpose of the payment is

something else. *See Carrigg, supra* at pages 661–662. Although payments may be intended to serve a particular function, the parties often designate and structure those payments to afford one of the parties' certain tax advantages and treatment.

Accordingly, Mandel has not met her burden in establishing that the payments denominated "in lieu of all alimony" are in the nature of alimony, maintenance or support.

The court finds that despite the parties' tax treatment of the payments, the payments "in lieu of all alimony" are a property settlement paid by installments.[2]

### ORDER

For the foregoing reasons, this Court concludes that Goodman's obligation to make the payments "in lieu of all alimony" to Mandel is not nondischargeable under 11 U.S.C. Section 523(a)(5)(B). However, the child support payments are nondischargeable.

AND IT IS SO ORDERED.

---

**2.** The Court notes that at the time of the divorce Goodman had an annual income of approximately $52,000. The defendants filed bankruptcy over eight years after the divorce, following a business failure and a serious illness. It is unlikely that the parties contemplated the bankruptcy at the time of the divorce.