**In re Michael Joel BENJAMIN and Lynda Littrell Benjamin, Debtors.**

**Bankruptcy No. 91–21949–BKC–SMW.**

United States Bankruptcy Court, S.D. Florida.

Feb. 7, 1992.

Reggie David Sanger, Fort Lauderdale, Fla., for Examiner.

Leslie Gern Cloyd, West Palm Beach, Fla., for debtor.

Steven R. Turner, U.S. Trustee's Office, Miami, Fla.

William Zewadski, Tampa, Fla., for C & S Bank.

MEMORANDUM DECISION ON EXAMINER'S AND C & S BANK'S OBJECTION TO CLAIMED EXEMPTIONS

SIDNEY M. WEAVER, Chief Judge.

THIS CAUSE came before this Court on December 9, 1991 at 9:30 a.m. for trial on the Examiner, MARIKA TOLZ's, and C & S Bank's objection to Debtors' claimed exemption. At the trial the Debtors and C & S National Bank of Florida (C & S Bank) announced that they had entered into a settlement which was subject to Court approval after notice to all creditors. The Examiner, MARIKA TOLZ, who had adopted and joined in C & S Bank's objection to the Debtors' claimed exemptions proceeded to trial. The Court having considered the testimony, the evidence presented and the candor and demeanor of the witnesses makes these findings of fact and conclusions of law:

*Factual Background*

On June 4, 1991 the Debtors, Michael Joel Benjamin and Lynda Littrell Benjamin filed a voluntary petition under Chapter 11 before this Court. Thereafter, on June 17, 1991 the Debtors filed their schedules and statements as required by Bankruptcy Rule 1007. The Debtors claimed the following property as exempt:

| | |
|---|---|
| Homestead Property | $460,000.00 |
| Wearing apparel | $ 0.00 |
| Household goods: | $ 2,000.00 |
| Stock in Magnum's Academy- | zero value |
| Stock in Magnational Corp.- | zero value |
| Stock in BSSI Corp.- | zero value |
| Whole life insurance policy with husband with Transamerica Occidental Life, | Face value $81,125.00 Cash Surrender value zero |

C & S Bank objected to the initial exemptions on July 12, 1991. Thereafter, 2004 examinations of the Debtors were conducted by C & S Bank. This Court held a hearing on C & S Bank's objection to the claimed exemptions which resulted in the Court entering an order requiring the Debtors to amend Schedule B-4 to specify the value of each item of property claimed as exempt, and which provided for an evidentiary hearing if the amended exemptions were objected to by C & S Bank. The Debtors filed an amendment to Schedule B-4 which claimed the following exempt property:

| Property claimed as exempt | Value claimed as exempt |
| --- | --- |
| Pension Plan | $ 45,000.00 |
| Outstanding Child Support | $ 5,000.00 |
| Lump Sum Alimony | $590,000.00 |
| Household Goods | $ 2,000.00 |
| Stock in BSS International | $ 300.00 |

The pension plan and lump sum alimony interests were not listed in the original schedules filed by the Debtors. C & S Bank and the Examiner timely objected to the amended exemptions. The evidentiary hearing on the objections was set for December 9, 1991.

### Lump Sum Alimony

The Debtor, Lynda Littrell Benjamin (formerly known as Lynda Cass) added to her amended Schedule B–4 an award granted to her in the state court dissolution of marriage case styled Ronald Cass v. Lynda Cass, Case No: 86–19457 CH, entered in the Circuit Court of Broward County, Florida. In its Final Judgment of Dissolution of Marriage dated the 8th day of March, 1988 the Circuit Court awarded Mrs. Benjamin, in part, the following:

As and for lump sum alimony the Respondent/Wife is awarded the sum of $300,000.00 payable in installments of $60,000.00 per year for five (5) years, plus interest at the rate of 12% commencing July 1, 1988.

Thereafter this award was increased to $590,000.00 payable in installments of $118,000.00 per year for five (5) years, plus interest at the rate of 12% commencing July 1, 1988 pursuant to the Circuit Court's Final Order on remand on July 16, 1991.

Mrs. Benjamin claimed the award as exempt under Florida Statute Chapter 222 which incorporates by reference 11 U.S.C. Section 522(d)(10)(D) which provides an exemption for Debtor's right to receive alimony, support, or separate maintenance to the extent reasonably necessary for the support of the Debtor and any dependent of the Debtor.

■ The label given to the award in the state court is not determinative of the nature of such awards in a bankruptcy context. *In re Froman,* 43 B.R. 609 (Bankr. S.D.Fla.1984). As a result, bankruptcy courts look beyond the labels placed upon the award by the state courts and consider all relevant facts and circumstances. *In re Harrell* 754 F.2d 902 (11th Cir.1985); *In re Kodel* 105 B.R. 729, 732 (Bankr.S.D.Fla. 1989).

■ The Court finds that the lump sum alimony award was one of an equitable distribution award in the nature of a property settlement because of the following factors:

(a) Mrs. Benjamin at the dissolution of marriage trial waived any right to alimony based upon need and support;

(b) Mrs. Benjamin did not have the need for support at the time of her dissolution because she was in fact being supported by her present husband;

(c) The award is not terminable upon Mrs. Benjamin's remarriage or upon her death;

(d) The award is not subject to being modified upon any subsequent change of circumstances of the parties;

(e) The award was in large part based upon the value of the husband's stock interest of his business started and conducted during the parties' marriage;

(f) The state appellate court's opinion stated, in part, that the wife had in fact waived any claim for periodic alimony and she had appealed the trial judge's plan of equitable distribution;

(g) The trial court awarded child support separately from this award which represented support necessary for the minor children.

Thus, the Court concludes that the evidence established that the lump sum alimony award was one of an equitable distribu-

tion award that is in the nature of a property settlement and therefore is not within the parameters of the exemption contained in 11 U.S.C. Section 522(d)(10)(D). Thus, the lump sum alimony awarded to Mrs. Benjamin is not exempt and is property of the estate to be administered for the benefit of the creditors of this estate.

### Household Goods

The Court, after considering the expert testimony presented by the Examiner and the Debtors, finds that all of the household goods and the two automobiles have a total gross value of $12,500.00 which after allowing for a $2,000.00 exemption available to the Debtors leaves $10,500.00 as non-exempt. In view of the pendency of the plan the Debtors will have to take these non-exempt assets into consideration in their payments to be made to creditors under the plan.

### Child Support

The Examiner having abandoned her objection to the claimed child support allegedly owing to Lynda Benjamin renders this issue moot and the exemption will be allowed.

### Pension Fund

■ As to the alleged pension plan, in August 1985, Michael J. Benjamin, M.D.P.A. (the professional association) created a profit sharing plan (the plan). Dr. Benjamin was the president of the professional association during the entire duration of the plan and eventually became the sole beneficiary of the plan. The funds creating the plan were from a rollover of funds from a previous pension plan in which Dr. Benjamin was a beneficiary.

No further contributions were ever made to the plan. Dr. Benjamin directed and had ultimate control over the plan's investments and in fact, had borrowed funds from the plan to fund his investment in various business interests. The borrowed sums were never repaid to the plan and Dr. Benjamin eventually considered the funds as taxable distributions to him and paid the required penalty and taxes.

The plan was later terminated in 1989 with the filing of a final tax return, and the remaining sums of $82,000.00 were distributed to Dr. Benjamin. This resulted in a net distribution of $27,000.00 after paying taxes and penalties. Dr. Benjamin initially placed these sums in an investment account the professional association maintains with Smith, Barney, for the nonexistent plan. The funds were ultimately transferred into two investment accounts Dr. Benjamin maintained personally. One account was at Ericson Financial Group which had already contained $12,000.00 from an existing Keough Plan. As of October 2, 1991, the Debtors' investment was valued at $42,643.72 In addition, as of September 27, 1991 a Smith, Barney account contained $1,371.00 in cash and 2,000 shares of Goldera Resources Stock.

This Court finds that the Debtors control and the actions taken by him relative to these two accounts renders only $25,000.00 as exempt and the remainder of the funds above $25,000.00, non-exempt.

Based upon the following, it is hereby:

ORDERED AND ADJUDGED that:

1. The Examiner's Objections to Debtors' Amended Claimed Exemption are sustained, in part, and the following property interests are not exempt and are property of this estate:

(a) Equitable distribution award to Lynda Littrell Benjamin in the amount of $590,000.00, pursuant to the Final Order in the case of Cass v. Cass filed in the Circuit Court of the 17th Judicial Circuit in and for Broward County, Florida, Case No: 86-19457 CH.

(b) All household goods, autos, and tangible personal property, this Court determines to have a value of $12,500.00 out of which the Debtors are entitled to their $2,000.00 exemption.

(c) Dr. Benjamin's claimed exemption in the two investment accounts as his pension fund is denied to the extent of all amounts above $25,000.00 and any sums above $25,000.00 are property of the estate.

2. The outstanding child support due to Lynda Benjamin is exempt and is not property of this estate.

DONE AND ORDERED.