Gregory K. Crews, Jacksonville, Fla., for plaintiff.

### In re John Duncan BOWSMAN, Debtor.

### John Duncan BOWSMAN, Plaintiff,

v.

### Ruth Ann MORRELL, f/k/a Ruth Ann Bowsman, Defendant.

Bankruptcy No. 90–5369–BKC–3P7.

Adv. No. 90–317.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

June 25, 1991.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This adversary proceeding is before the Court upon the complaint filed by John Duncan Bowsman, pursuant to § 523(a)(5) to determine the dischargeability of certain obligations arising from a divorce decree between the parties. A trial was held on May 7, 1991, at which time the defendant conceded that the plaintiff's obligation to hold her harmless from certain debts listed in the Judgment of Divorce was dischargeable. The remaining issue is the dischargeability of the obligation described as alimony in the divorce judgment. Upon the evidence presented, the Court makes the following Findings of Facts and Conclusions of Law:

### Findings of Fact

The parties were married for approximately nineteen years. After a six week

trial in October, 1989, a final judgment of divorce was entered in May, 1990.

The judgment covered eleven categories, including "Property Settlement," "Custody of Minor Children," "Support of Minor Children," and "Alimony."

The "Property Settlement" section contains a provision holding defendant harmless from certain debts. It also sets forth ownership of various items of tangible and intangible personal property and proceeds from the sale of a house and a boat.

The "Alimony" section makes the following provisions:

> IT IS FURTHER ORDERED AND ADJUDGED that commencing October 31, 1989, the Plaintiff, JOHN D. BOWSMAN, shall pay the Defendant, RUTH ANN BOWSMAN, through the Office of the Wayne County Friend of the Court alimony in the weekly amount of ONE HUNDRED AND 00/100 ($100.00) DOLLARS; said amount shall be paid each week for 3 years (156 weeks) aggregating to FIFTEEN THOUSAND SIX HUNDRED AND 00/100 ($15,600) DOLLARS; and, thereafter, alimony of any type shall forever be barred to the Defendant.
>
> IT IS FURTHER ORDERED AND ADJUDGED that said alimony shall *not* terminate upon the death or remarriage of either party.
>
> IT IS FURTHER ORDERED AND ADJUDGED that it is the intention and Order of this court, that said alimony shall be deemed to be alimony in gross, and as such, it shall be absolutely non-modifiable under any circumstance. The amount being paid by Plaintiff to Defendant shall be deemed to be for her support and maintenance, and accordingly shall not be dischargeable in bankruptcy.
>
> IT IS FURTHER ORDERED AND ADJUDGED that neither party shall be entitled to periodic alimony; and none shall be awarded; and, periodic alimony shall be, and is hereby forever barred to each party.
>
> IT IS FURTHER ORDERED AND ADJUDGED that in consideration of other payments made, any and all temporary interim alimony or interim spousal support Ordered by this Court and which may have accrued during the pendency of this cause, prior to October 31, 1989 shall be cancelled and deemed paid in full.

At the time of the divorce trial, plaintiff had a bachelor's degree in business and a master's degree in education, as well as substantial business and work experience.

Defendant, on the other hand, was several months away from obtaining her bachelor's degree and had extremely limited work experience.

Due to economic necessity, the defendant and two children of the marriage lived with her parents in their mobile home during the divorce trial.

The sole issue before the Court is whether an award payable in weekly increments of $100 and totalling $15,600, characterized in the divorce judgment as alimony, is in fact alimony which is excepted from plaintiff's discharge pursuant to § 523(a)(5).

## Conclusions of Law

The resolution of this adversary proceeding is governed by § 523(a)(5), which provides:

> (a) A discharge ... does not discharge an individual debtor from any debt—
>
> (5) to a spouse, former spouse, or child of the debtor, for alimony to, maintenance for, or support of such spouse or child, in connection with a separation agreement, divorce decree ... or property settlement agreement, but not to the extent that—
>
> (B) such debt includes a liability designated as alimony, maintenance, or support, unless such liability is actually in the nature of alimony, maintenance, or support ...

■ The bankruptcy court shall make an independent evaluation as to whether an obligation arising from a divorce decree is in the nature of alimony and therefore nondischargeable. *In re Harrell*, 754 F.2d 902 (11th Cir.1985).

■ Florida bankruptcy courts have traditionally focused on six factors when evaluating the nature of a debt:

1) Whether the obligation under consideration is subject to contingencies, such as death or remarriage.

2) Whether the payment was fashioned in order to balance disparate incomes of the parties.

3) Whether the obligation is payable in installments or in lump sum.

4) Whether there are minor children involved in a marriage requiring support.

5) The respective physical health of the spouse and the level of education.

6) Whether, in fact, there was need for support at the time of the circumstances of the particular case.

*In re Kodel,* 105 B.R. 729 (Bankr.S.D. Fla.1989), *In re Graves,* 69 B.R. 626 (Bankr.S.D.Fla.1987), *In re Markizer,* 66 B.R. 1014 (Bankr.S.D.Fla.1986), *In re Mac-Kenzie,* 57 B.R. 107 (Bankr.M.D.Fla.1985) and *In re Basile,* 44 B.R. 221 (Bankr.M.D. Fla.1984).

In order to determine the intent of the divorce court, it is necessary to review each of these factors.

Factor 1—By the explicit terms of the judgment the obligation at issue in this case is not subject to contingencies, such as death or remarriage.

Factor 2—The evidence supported a finding that the award was designed to balance the disparate incomes or, at the least, the disparate earning capabilities of the parties. The plaintiff had a history of substantial and varied business experience and high earnings, while the defendant had virtually no employment history during the marriage.

Factor 3—The obligation was made payable in weekly installments over three years.

[W]here an obligation is payable in installments over a substantial period of time, courts are inclined to rule that alimony and support, rather than a property settlement, was intended. *In re Henry,* 5 B.R. 342, 343 (Bankr.M.D.Fla.1980).

Factor 4—At the time of the divorce the parties had two minor children, both of whom resided with the defendant who had primary responsibility for their daily care.

Factor 5—No evidence was presented on the health of the respective parties. At the time of the divorce trial, the plaintiff had an undergraduate business degree and a master's degree in education, while the defendant was still working on her bachelor's degree.

Factor 6—As matter of economic necessity, defendant needed the support. At the time of the divorce trial she and her children were residing with her parents in their mobile home. She was fulfilling her student teaching requirements and was not earning a salary. Even following graduation, defendant needed additional college credit to get a permanent teaching certificate and needs a master's degree to advance in teaching. Thus, the duration of the alimony payments roughly coincides with the time defendant needs to establish herself with adequate credentials and a permanent teaching position.

Only the first of the six factors weighs in plaintiff's favor. Each of the others supports the conclusion that the debt is in the nature of alimony.

Consequently, pursuant to § 523(a)(5), plaintiff's obligation to pay alimony to defendant, as set forth on pages 10 and 11 of the Judgment of Divorce, is excepted from plaintiff's discharge. A separate judgment will be entered in accordance with these Findings of Facts and Conclusions of Law.

### FINAL JUDGMENT

Upon the Findings of Facts and Conclusions of Law separately enter, it is

ORDERED:

1. Judgment is entered for the plaintiff on Count II of the complaint and for the defendant on Count I.

2. Plaintiff's obligation to hold defendant harmless from the listed debts, as set forth on page 5 of the Judgment of Divorce entered May 25, 1990, in the Circuit Court for the County of Wayne, Michigan, is a dischargeable debt.

3. Pursuant to § 523(a)(5), plaintiff's obligation to pay alimony to defendant, as set forth on pages 10 and 11 of the Judgment of Divorce, is excepted from plaintiff's discharge.