In re Timothy Franklin SNIPES, Debtor.

Renee´LAWHORN, Plaintiff,

v.

Timothy Franklin SNIPES, Defendant.

Bankruptcy No. 95–516–BKC–3P7.
Adv. No. 95–128.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Dec. 4, 1995.

Reneé Lawhorn, pro se.

Timothy Franklin Snipes, pro se.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case came before the Court upon a complaint to determine the dischargeability of a debt arising from a divorce decree. Plaintiff alleges that the parties' separation agreement required defendant to assume an automobile debt, that this obligation was intended as part support, and that the debt is nondischargeable pursuant to 11 U.S.C. § 523. After a hearing on October 18, 1995, at which both parties appeared *pro se,* the Court enters the following findings of fact and conclusions of law:

### FINDINGS OF FACT

1. Plaintiff and defendant were married on June 23, 1984 in Live Oak, Florida. (Plaintiff Ex. 2). The couple had two children: Kurt and Lara Snipes, born June 23, 1987 and October 18, 1988 respectively. (Plaintiff Ex. 2).

2. Plaintiff and defendant lived together as husband and wife until their separation on April 9, 1992. (Plaintiff Ex. 2). On May 14, 1992, the Superior Court of Liberty County, Georgia entered a Judgment and Decree of Total Divorce which dissolved the marriage. (Plaintiff Ex. 2).

3. The divorce decree incorporated a separation agreement signed by plaintiff and defendant. (Plaintiff Ex. 2). In the agreement, both plaintiff and defendant waived rights to alimony or support. (Plaintiff Ex. 2).

4. The agreement awarded plaintiff permanent legal custody of the children and ordered defendant to pay child support in the amount of $250 per child per month. (Plaintiff Ex. 2).

5. In the Equitable Property Division portion of the agreement, plaintiff was awarded exclusive possession and control of an automobile, but defendant was ordered to assume the indebtedness for the vehicle. (Plaintiff Ex. 2). This obligation was also reflected in the portion of the agreement dealing with the division of marital debt. According to this section of the agreement, the indebtedness associated with the automobile totalled $13,000. (Plaintiff Ex. 2).

6. The portion of the agreement dealing with marital debt also provided that "payment of [a marital debt obligation] is part support payment and shall not be claimed as dischargeable in any subsequent bankruptcy proceedings." (Plaintiff Ex. 2).

7. On August 28, 1995, the Superior Court of Liberty County, Georgia found that defendant was in arrears in his child support payments and his automobile payments. (Plaintiff Ex. 1). The state court reduced defendant's monthly child support payments to a total of $300 per month. The court also ordered defendant to pay an additional $200 per month to cure the arrearage in his child support payments and the automobile payments. (Plaintiff Ex. 1).

8. Plaintiff argues that defendant has failed to make payments on the automobile, that defendant's arrearage on the automobile totals $15,766, that defendant's obligation to assume the automobile indebtedness is in the nature of support, and that the debt is nondischargeable pursuant to 11 U.S.C. § 523. Defendant argues that the automobile indebtedness obligation was part of the property distribution and is dischargeable.

### CONCLUSIONS OF LAW

■ Debt obligations arising from divorce proceedings are presumptively dischargeable unless they are in the nature of support or alimony. *In re Aughenbaugh,* 119 B.R. 861, 863 (Bankr.M.D.Fla.1990). The plaintiff must prove by a preponderance of the evidence that the obligation is in the nature of alimony, maintenance, or support. *Id. See also In re Burch,* 100 B.R. 585, 589 (Bankr.M.D.Fla.1989) (stating that the "standard of proof required in adversary proceedings brought pursuant to 11 U.S.C. § 523(a)(5) is ... the preponderance of the evidence.").

■ Federal law, rather than state law, is utilized to determine whether an obligation is in the nature of support or a property settlement. *In re Garrard,* 151 B.R. 598, 601

.(Bankr.M.D.Fla.1993). *See also In re Coleman,* 152 B.R. 783, 784 (Bankr.M.D.Fla.1993) (holding that "[t]he bankruptcy court must independently access the character of an obligation arising out of divorce and determine whether it is in the nature of alimony.").

■ This Court has routinely considered the following six factors in determining whether an award is in the nature of property or support:

1) Whether the obligation under consideration is subject to contingencies, such as death or remarriage.

2) Whether the payment was fashioned in order to balance disparate incomes of the parties.

3) Whether the obligation is payable in installments or one lump sum.

4) Whether there are minor children involved in a marriage requiring support.

5) The respective physical health of the spouse and the level of education.

6) Whether, in fact, there was need for support at the time of the circumstances of the particular case.

*In re Bowsman,* 128 B.R. 485, 487 (Bankr. M.D.Fla.1991).

In this case, the obligation was not contingent on death or remarriage. Rather, it was a standard repayment of an automobile loan. The obligation was delegated to the husband as a portion of marital debt and was not designed to balance the income of the parties. The parties presented no evidence regarding the method of payment.

A separate child support provision ensured that proper support for defendant's minor children would be provided independent of the automobile payment obligation. The parties presented no evidence on their respective physical health or level of education, but the Court notes that both plaintiff and defendant appeared healthy and competent. The Court concludes that plaintiff required no support at the time the obligation was created because plaintiff waived her right to alimony. (Plaintiff Ex. 2).

■ Plaintiff argues that the separation agreement specifically states that the obligation is in part a support payment and that the automobile debt is nondischargeable. This Court has held, however, that "labels used in a settlement agreement are not controlling on the issue of dischargeability." *In re Garrard,* 151 B.R. 598, 601 (Bankr. M.D.Fla.1993).

Upon consideration of the facts and evidence relevant to this proceeding, the Court finds that the automobile payment obligation assumed by the defendant in the nature of a property settlement. The state court ordered the defendant to pay child support to ensure that the parties' minor children would be given proper care. The Court finds that defendant's obligation to make automobile payments was not intended to be a supplement to the child support award.

Additionally, the Court finds that the obligation assumed by the defendant was not designed as a substitute for alimony or support waived by the plaintiff. Rather, the obligation arose out of a commonplace division of marital property and debt.

■ The purpose of a discharge in bankruptcy is to give the debtor a fresh start. *In re Aughenbaugh,* 119 B.R. 861, 863 (Bankr. M.D.Fla.1990). The defendant is entitled to a discharge of debts arising from a divorce decree which are not in the nature of alimony or support. The Court finds that defendant's obligation to make automobile payments was not in the nature of alimony or support and is dischargeable.

The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.

### JUDGMENT

This case came before the Court upon a complaint to determine the dischargeability of a debt arising from a divorce decree pursuant to 11 U.S.C. § 523. Upon findings of fact and conclusions of law separately entered, it is

ORDERED:

1. Judgment is entered in favor of the defendant, Timothy Franklin Snipes, and against the plaintiff, Renee Lawhorn.

2. Defendant's obligation to make automobile payments required by the Judgment

and Decree of Total Divorce entered by the state court on May 14, 1992, is not in the nature of support or alimony and is dischargeable.