**In re Eleanor M. SHEFFIELD, Debtor.**

Bankruptcy No. 97–2197–BKC–3P7.

United States Bankruptcy Court,
M.D. Florida,
Jacksonville Division.

Sept. 29, 1997.

Gregory K. Crews, Jacksonville, FL, for trustee.

Eugene F. Murphy, Jacksonville, FL, for Debtor.

### FINDINGS OF FACT AND CONCLUSIONS OF LAW

GEORGE L. PROCTOR, Bankruptcy Judge.

This case is before the Court upon the Trustee's objection to Debtor's claim of exempt property. A hearing on the objection was held on September 10, 1997. Upon the evidence presented, the Court makes the following Findings of Fact and Conclusions of Law:

## FINDINGS OF FACT

1. Eleanor M. Sheffield (Debtor) and James Clinton Sheffield (former husband) were divorced on August 6, 1992.

2. The Final Judgment of Dissolution of Marriage (Final Judgment), entered by the Circuit Court for Duval County, Florida, ordered former husband to pay Debtor $363 per month in permanent periodic alimony.

3. Debtor and former husband were also required to maintain each other as life insurance beneficiaries on any life insurance policies in effect at the date of the Final Judgment.

4. In March of 1997, as beneficiary of former husband's life insurance policy, Debtor received $10,027.10 upon his death.

5. Debtor filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 27, 1997. 11 U.S.C. §§ 101–1330 (1997).

6. On August 11, 1997, Debtor filed an amendment to Schedule C "Property Claimed Exempt," listing the life insurance proceeds as exempt pursuant to § 522(d)(10)(D) of the Bankruptcy Code. 11 U.S.C. § 522(d)(10)(D) (1997).

7. The Trustee timely filed his objection to Debtor's claim of exemption on August 15, 1997, contending that the life insurance proceeds do not qualify for an exemption under § 522(d)(10)(D), because the proceeds are not alimony.

8. A hearing on the Trustee's objection was held on September 10, 1997. At the hearing, the Trustee argued that the life insurance provision, within the Final Judgment. could not be characterized as alimony because it required both Debtor and former husband to maintain each other as beneficiaries. Therefore, the life insurance proceeds Debtor received, pursuant to that provision, are not entitled to an exemption.

9. Debtor maintained that the life insurance provision constitutes an alimony award, as evidenced by its placement in the Final Judgment between two paragraphs that discuss alimony-related issues. Therefore, argued Debtor, the life insurance proceeds are

exempt from property of the bankruptcy estate pursuant to § 522(d)(10)(D).

## CONCLUSIONS OF LAW

Upon commencement of a case under the Bankruptcy Code, an estate is comprised of all property in which the debtor has a legal or equitable interest as of the petition date. 11 U.S.C. § 541(a) (1997). However, an individual debtor may exempt property from the bankruptcy estate by claiming certain exemptions authorized by § 522 of the Bankruptcy Code.

Section 522 provides that a state may opt out of the federal exemptions and limit a debtor's rights to only those exemptions provided under its state laws. The State of Florida has exercised this option. FLA. STAT. ANN. § 222.20 (West 1989). Notwithstanding Florida Statute § 222.20, an individual debtor may claim as exempt any property listed in § 522(d)(10) of the Bankruptcy Code. See FLA. STAT. ANN. § 222.201 (West 1989).

Section 522(d)(10)(D) provides an exemption for a debtor's right to receive alimony, support, or separate maintenance to the extent reasonably necessary for the support of the debtor and any dependent of the debtor. 11 U.S.C. § 522(d)(10)(D) (1997). Debtor claims an exemption under § 522(d)(10)(D), contending that the life insurance proceeds she received constitutes alimony.

The law is well settled that what constitutes alimony and maintenance, for purposes of determining dischargeability under § 523(a)(5), is to be determined by federal and not by state law. See In re Garrard, 151 B.R. 598 (Bankr.M.D.Fla.1993); see also In re Phillips, 187 B.R. 363, 366 (Bankr. M.D.Fla.1995), In re Wester, 187 B.R. 358, 361 (Bankr.M.D.Fla.1995), In re Snipes, 190 B.R. 450, 451 (Bankr.M.D.Fla.1995), and In re Bowsman, 128 B.R. 485, 486 (Bankr. M.D.Fla.1991). However, there is little authority on whether the same principle applies to § 522(d)(10)(D) exemption issues.

■ Although dischargeability of a debt involves different issues, this Court finds that § 522(d)(10)(D) should be examined in accordance with § 523(a)(5) principles. Logic dictates that what constitutes alimony for pur-

poses of § 523(a)(5), and what constitutes alimony for purposes of § 522(d)(10)(D), should involve the same criteria. This rationale is in accord with those courts that have directly addressed this issue. *See, e.g., In re Benjamin,* 136 B.R. 574, 576 (Bankr.S.D.Fla. 1992) (holding that labels placed on state court awards are "not determinative of the nature of such awards in a bankruptcy context."); *In re Joseph,* 157 B.R. 514, 518 (Bankr.D.Conn.1993) (concluding that "[t]here is no readily apparent reason why a bankruptcy court should use different standards in reviewing alimony awards in the nondischargeability instance and in the exemption instance.").

■ Accordingly, federal bankruptcy law will be applied to determine whether the insurance proceeds are alimony for purposes of claiming an exemption under § 522(d)(10)(D). Federal law requires bankruptcy courts to consider all relevant facts and circumstances. *See In re Harrell,* 754 F.2d 902 (11th Cir.1985). When considering the relevant facts and circumstances, Florida bankruptcy courts have traditionally focused on six factors for determining whether an award constitutes alimony:

1) Whether the obligation under consideration is subject to contingencies, such as death or remarriage;

2) Whether the payment was fashioned in order to balance disparate incomes of the parties;

3) Whether the obligation is payable in installments or in lump sum;

4) Whether there are minor children involved in a marriage requiring support;

5) The respective physical health of the spouse and the level of education; and

6) Whether, in fact, there was need for support at the time of the circumstances of the particular case.

*Bowsman,* 128 B.R. at 487.

■ In the instant case, it is clear that several of these factors weigh against Debtor. The parties' obligation to maintain each other as beneficiary was not contingent upon remarriage. Further, there is nothing to indicate that the life insurance provision was based upon disparate incomes of the parties.

In fact, considering that the obligation was imposed upon both Debtor and former husband, it seems very unlikely that the insurance provision was intended to balance their disparate incomes. The Final Judgment also makes no mention of children or child support.

Apart from considering the factors outlined above, Debtor argues that the insurance provision's placement between two other alimony-related provisions establishes it as alimony. However, the insurance provision's reciprocal arrangement clearly indicates that the life insurance proceeds are not alimony. First, the insurance provision requires both Debtor and former husband to maintain each other as beneficiaries. Second, alimony is typically awarded to only one party. If the Court were to find that the proceeds are alimony for Debtor, it would place the Court in the untenable position of having to find that the life insurance provision did not constitute alimony for former husband. Such a result would be without merit and clearly erroneous.

Accordingly, the Trustee's objection to the claimed exemption by Debtor will be sustained. The life insurance proceeds, in the amount of $10,027.10, Debtor received as beneficiary of former husband's life insurance policy is declared to be the property of the estate and subject to administration by the Trustee.

## CONCLUSION

The life insurance proceeds Debtor received upon former husband's death are not alimony. Therefore, Debtor is not entitled to claim the life insurance proceeds as exempt pursuant to § 522(d)(10)(D). The Court will sustain the Trustee's objection to the claimed exemption. The Court will enter a separate judgment consistent with these findings of fact and conclusions of law.