**In re Cindy Lou BENTLEY, Debtor.**

**Bankruptcy No. 99–20666.**

United States Bankruptcy Court,
D. Kansas,
Kansas City Division.

Jan. 10, 2000.

Drew Frackowiak of Neighbors & Frackowiak, Overland Park, Kansas, for the Debtor.

Eric C. Rajala, Overland Park, Kansas, for the Chapter 7 Trustee.

*MEMORANDUM OPINION*[1]

JOHN T. FLANNAGAN, Bankruptcy Judge.

Kansas has enacted an exemption statute that adopts by reference the federal alimony exemption listed in 11 U.S.C. § 522(d)(10)(D) covering: "alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." Cindy Lou Bentley holds a $25,000 alimony judgment lien on her former marital residence. She claims it exempt in her Chapter 7 bankruptcy as alimony under the federal alimony exemption language adopted by the Kansas statute. The court concludes that the judgment lien is exempt as alimony to the extent it is reasonably necessary for debtor's support.[2]

In 1980, Kansas enacted K.S.A. § 60–2312, providing: "No person, as an individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.), may elect exemptions pursuant to subsection (b)(1) of section 522 of such federal act."[3] As the Bankruptcy Reform Act of 1978 permitted, this statute restricted Kansas bankrupts to claiming state law exemptions only.[4]

But in 1986, Kansas amended this statute by adding subsection (b), which creates an exception that allows individual debtors in bankruptcy to claim exemptions corresponding to the federal exemptions listed in subsection (d)(10) of § 522:

**60–2312. No right to elect exemptions under federal law, exception.**

(a) Except as provided in subsection (b), no person, as an individual debtor under the federal bankruptcy reform act of 1978 (11 U.S.C. § 101 et seq.), may elect exemptions pursuant to subsection (b)(1) of section 522 of such federal act.

*(b) An individual debtor under the federal bankruptcy reform act of 1978 may exempt, in addition to any other exemptions allowed under state law, any property listed in subsection (d)(10) of section 522 of such federal act....* (Emphasis added.)

It is through this amendment that Cindy Lou Bentley claims her alimony exemption. She divorced James Venable in Oklahoma in 1996, reclaiming her maiden name of Bentley. The Oklahoma divorce decree awarded James Venable title to the parties' marital home, subject to Cindy Bentley's "lien for payment of alimony in lieu of property division,"[5] using the following language:

The Plaintiff [Cindy Venable Bentley] be, and she is hereby awarded as alimony in lieu of property division, the sum of TWENTY–FIVE THOUSAND DOLLARS ($25,000.00), to be paid upon the Defendant's death or the selling of the marital home, or at the time the Defendant moves out of the marital home of

---

1. Debtor appears by her attorney, Drew Frackowiak of Neighbors & Frackowiak, Overland Park, Kansas. The Chapter 7 trustee appears by his attorney, Eric C. Rajala, Overland Park, Kansas.

2. The parties have stipulated in the pretrial order that the court has jurisdiction over the parties and subject matter of the action; that venue in this district is proper; that all necessary and indispensable parties are joined; and that the court may try this proceeding to final judgment. The court finds independently of the stipulation that this proceeding is core under 28 U.S.C. § 157 and that the court has jurisdiction under 28 U.S.C. § 1334 and the general reference order of the District Court effective July 10, 1984 (D. KAN. RULE 83.8.5).

3. K.S.A. § 60–2312.

4. *See* 11 U.S.C. § 522(b).

5. Decree of Divorce attached as Exhibit A to Final Pre–Trial Conference Order filed on September 2, 1999 (Doc. # 23), at ¶ 6.

the parties. This TWENTY–FIVE THOUSAND DOLLARS ($25,000.00) shall operate as a lien against the property set forth hereinabove and shall become due upon any of these conditions being met. IT IS SO ORDERED.[6]

Unlike most alimony awards, which usually provide for periodic payments, this award directs the lien amount payable only if James dies, sells the home, or moves out. James Venable continues to occupy the home.

Following her divorce, Cindy Bentley moved to Kansas where she filed this Chapter 7 bankruptcy petition on March 26, 1999. Eric Rajala, the Chapter 7 trustee, objected to her exemption claim. He and debtor's counsel, Drew Frackowiak, have submitted a pretrial order containing stipulated facts as paraphrased above, including a stipulation "that the law governing the issue of this contested matter is K.S.A. §§ 60–2301 and 60–2312(b), and 11 U.S.C. § 522(d)(10)(D) [and that] Oklahoma law concerning the homestead exemption may also apply." [7]

■ The trustee has chosen not to attack the efficacy of the Kansas adoption-by-reference statute. He is apparently satisfied that the Kansas legislature can adopt by reference a federal exemption statute with the effect that the language of the federal statute becomes Kansas law as if the federal statute had been copied in the state statute book. Likewise, he appears content with the constitutional status of the Kansas statutory scheme because he makes no argument calling into question its constitutional validity, as one authority has done.[8] Consequently, the court will consider only the applicability of the Kansas exemption statute, not its legitimacy.[9]

■ Neither has the trustee argued that Cindy Bentley's lien is a property interest separate from the alimony claim it secures. Rather, the trustee makes one argument only against the alimony lien exemption. He posits that the alimony lien represents a division of property judgment that is entirely mischaracterized as alimony. He supports his argument by pointing to the failure of the decree's language to require periodic payments like those usually found in alimony awards. This omission makes the trustee suspicious that the Oklahoma divorce judge was really awarding a division of property while calling it alimony to insulate the liability from discharge in a later bankruptcy case. Although the trustee's suspicions may be correct, he cannot prevail on this point because the Bankruptcy Code withholds the authority to rule as he asks. It is true that when deciding the dischargeability of a claim created by a divorce decree, section 523(a)(5)(B) authorizes a bankruptcy judge to look behind the divorce decree to confirm that it awards an actual alimony liability, rather than a disguised division of property liability. But, of course, the question in this contested matter is not dischargeability of alimony. The question here is whether an alimony lien created by a state court divorce decree is entitled to exemption. In this context, the authority granted a bankruptcy judge by § 523(a)(5)(B) to look behind the divorce decree is useless. And, so far as the court is aware, no other Code provision empowers the court to decide that the lien created by the Oklahoma divorce court is other than what that court said it is—alimony. The Oklahoma divorce decree is res judica-

---

6. *Id.* at ¶ 10.

7. Final Pre–Trial Conference Order filed on September 2, 1999 (Doc. # 23), at 3.

8. 4 COLLIER ON BANKRUPTCY ¶ 522.02[4] (Lawrence P. King, ed., 15th ed. revised, 1999).

9. The federal courts avoid deciding constitutional questions, even when they are raised, which the trustee neglected to do here. *See Clinton v. Jones,* 520 U.S. 681, 690, 117 S.Ct. 1636, 137 L.Ed.2d 945 (1997) ("It is true that we have often stressed the importance of avoiding the premature adjudication of constitutional questions....That doctrine of avoidance, however, is applicable to the entire Federal Judiciary, not just to this Court....") (footnote omitted).

ta and entitled to full faith and credit. It controls the character of the lien.[10]

To convince the court that it should look behind the Oklahoma decree, the trustee points to the 1997 Florida bankruptcy decision of *In re Sheffield* [11] and its ilk. Recognizing the distinction between determining exemptions and deciding dischargeability, the *Sheffield* court opined:

> Although dischargeability of a debt involves different issues, this Court finds that § 522(d)(10)(D) should be examined in accordance with § 523(a)(5) principles. Logic dictates that what constitutes alimony for purposes of § 523(a)(5), and what constitutes alimony for purposes of § 522(d)(10)(D), should involve the same criteria.[12]

Perhaps this approach represents good policy, but Congress has not adopted it. In § 523(a)(5)(B) Congress says a "discharge ... does not discharge ... any debt ... to a spouse ... for alimony ... but not to the extent that—such debt includes a liability designated as alimony ... *unless such liability is actually in the nature of alimony ....*" (Emphasis added.) The courts have uniformly taken this to mean they can look behind a state court judgment when deciding whether the judgment grants alimony as opposed to a division of property. Congress provided no such authority with § 522(d)(10)(D). In this court's view, to the extent the sentiment expressed in *Sheffield* was the holding of that court, it is judicial legislation, not judicial dispute resolution applying existing law.

■ The only remaining question is the extent to which the alimony lien can be found "reasonably necessary for the support of the debtor." This question is fact sensitive. Since the stipulations in the pretrial order do not address whether the alimony lien is reasonably necessary for Cindy Bentley's support, the court must hear evidence on this facet of her exemption claim.

Having found the alimony lien exempt under the language of K.S.A. § 60-2312, adopting by reference 11 U.S.C. 522(d)(10)(D), the court need not address the trustee's challenge to Cindy Bentley's characterization of her lien as a Kansas homestead exempt under K.S.A. § 60-2301.

The foregoing discussion shall constitute findings of fact and conclusions of law under FED. R. BANKR. P. 7052 and FED. R. CIV. P. 52(a). A judgment reflecting this ruling will be entered on a separate document in compliance with FED. R. BANKR. P. 9021 and FED. R. CIV. P. 58.

A pretrial conference on the issue of whether the alimony lien is reasonably necessary for Cindy Bentley's support is hereby scheduled for *Tuesday, February 1, 2000, at 1:45 o'clock p.m.*

IT IS SO ORDERED.

---

**10.** *Butner v. United States,* 440 U.S. 48, 55, 99 S.Ct. 914, 59 L.Ed.2d 136 (1979).

**11.** 212 B.R. 1019 (M.D.Fla.1997)

**12.** *Id.* at 1020–21.