In re Judy Anne ELLERTSON, Debtor.

No. 00–31125–BKC–SHF.

United States Bankruptcy Court,
S.D. Florida.

Aug. 30, 2000.

Daniel L. Bakst, West Palm Beach, FL.

James A. Conway, Stuart, FL.

Judy Ellertson, Vero Beach, FL.

### ORDER SUSTAINING TRUSTEE'S OBJECTION TO EXEMPTIONS AND GRANTING APPLICATION FOR TURNOVER

STEVEN H. FRIEDMAN, Bankruptcy Judge.

This matter came before the Court on July 6, 2000 upon the Trustee's Objection to Exemptions and Application for Turnover. The Debtor claimed the equitable distribution of $10,550.00 due from her ex-husband, payable at $350.00 per month, as exempt on Schedule C. The Trustee filed the instant objection to exemptions, contending that the Debtor's equitable distribution is not an exempt asset. The Debtor

argues that the $350.00 payments, although labeled "equitable distribution," are actually support/alimony payments being made pursuant to the Debtor's Marital Settlement Agreement and Final Judgment of Dissolution of Marriage. Having considered the objection; the argument of counsel; and for the reasons set forth below, the Court sustains the Trustee's objection to exemptions in regard to the equitable distribution payments.

The Debtor and her husband were divorced on October 29, 1997. The Final Judgment of Dissolution of Marriage, entered by the Circuit Court for Pinellas County, Florida, approved and incorporated the Marital Settlement Agreement between the parties. Under a section labeled "EQUITABLE DISTRIBUTION—REAL ESTATE," the Marital Settlement Agreement provides that the husband shall retain various parcels of real property and shall pay the Debtor a sum totaling thirty-five thousand dollars ($35,000.00) "solely for the purposes of equitable distribution." The agreement sets out the method of payment for this sum as: "$15,000.00 payable within ten (10) days from the date of the execution of this Agreement and the balance of $20,000.00 payable at the rate of $350.00 per month until paid in full." While the agreement provides for payment of child support, it specifically denies alimony in any form to either party. "The parties specifically agree to now and forever waive any right to receive alimony of any sort from the other, including rehabilitative alimony, permanent periodic alimony, temporary spousal support, lump sum alimony, and any other periodic alimony." Each party consulted with independent counsel before waiving the right to receive alimony.

The Debtor filed a Chapter 7 bankruptcy petition on March 19, 2000. On Schedule C, the Debtor listed the equitable distribution payments as exempt, claiming that the monthly payments were mislabeled and are actually for the purpose of alimony or support. The Trustee objects

to the claimed exemption, arguing that the equitable distribution is the result of a property settlement between the Debtor and her ex-husband and is, therefore, not exempt. The issue before the Court is whether the equitable distribution of $10,550.00 to the Debtor, payable at $350.00 per month, is an exempt asset or a non-exempt asset.

Pursuant to 11 U.S.C. § 541(a), property of the estate consists of all legal or equitable interests of the debtor in property once the bankruptcy petition is filed. However, 11 U.S.C. § 522 provides that certain interests in property may be exempted by the debtor from the bankruptcy estate. While Florida has opted out of the federal exemptions in order to provide Florida debtors with state law exemptions (as authorized by Section 522), Florida Statutes § 222.201 has specifically adopted the federal exemptions provided by 11 U.S.C. § 522(d)(10) in addition to the exemptions allowed under state law. Section 522(d)(10)(D) authorizes the debtor to claim an exemption for any "alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." However, an equitable distribution in the nature of a property settlement is property of the estate under 11 U.S.C. § 541, and neither state law nor Section 522(d)(10) provides authorization for the debtor to claim such property interest as exempt.

The Debtor's right to receive the equitable distribution stems from the Marital Settlement Agreement, which was approved by the Final Judgment of Dissolution of Marriage. The agreement creates this right to receive payments as a property settlement under the section entitled "EQUITABLE DISTRIBUTION—REAL ESTATE." The agreement specifically provides that "[t]hese payments are to be made to the Wife in order to achieve equitable distribution of the marital estate." Furthermore, the agreement addresses alimony under a separate section, entitled

"ALIMONY," which provides that both parties waive all rights to receive any alimony whatsoever.

■ Pursuant to 11 U.S.C. § 523(a)(5)(B) dealing with dischargeability, a bankruptcy court is not bound by the characterization given to an obligation by a state court. *See Tarbox v. Tarbox (In re Tarbox)*, 234 B.R. 832, 836 (Bankr.S.D.Fla. 1999). The bankruptcy court has the authority to consider all relevant facts to determine whether the obligation is in the nature of alimony/support as opposed to a property settlement. *See Harrell v. Harrell (In re Harrell)*, 754 F.2d 902, 907 (11th Cir.1985). However, for the purposes of exemption, some disagreement exists over whether a bankruptcy court has the authority to look behind the label applied to an award by a divorce court's judgment. *Compare In re Bentley*, 245 B.R. 684, 686–87 (Bankr.D.Kan.2000) (alimony lien labeled as such by state court was entitled to exemption, as the state court decision was entitled to full faith and credit), *with In re Sheffield*, 212 B.R. 1019, 1020–21 (Bankr.M.D.Fla.1997) ("[l]ogic dictates that what constitutes alimony for purposes of § 523(a)(5), and what constitutes alimony for purposes of § 522(d)(10)(D), should involve the same criteria"), *and In re Joseph*, 157 B.R. 514, 517–18 (Bankr.D.Conn.1993) ("[t]here is no readily apparent reason why a bankruptcy court should use different standards in reviewing alimony awards in the nondischargeability instance and in the exemption instance"), *and In re Benjamin*, 136 B.R. 574, 576 (Bankr.S.D.Fla.1992) (the award labeled by the state court as lump sum alimony award was really an equitable distribution in the nature of a property settlement and, thus, not exempt). This Court believes that, for the purposes of both dischargeability and exemptions, a bankruptcy court may look behind a label applied by a state court to ascertain the true nature of an award.

■ Florida bankruptcy courts typically consider six factors when deciding whether an award is alimony. *See Sheffield*, 212 B.R. at 1021. These factors include: (1) contingency of award on events such as death or remarriage; (2) whether award served the purpose of balancing unequal incomes; (3) how the award is distributed (lump sum or installments); (4) whether the award concerned dependent children; (5) health and education of the parties; and (6) at the time of the award, was there a party in need of support. *See id.*

■ In the instant case, the Court finds that the equitable distribution of $10,550.00, payable at $350.00 per month, is clearly in the nature of a property settlement and does not constitute alimony. The right of the Debtor to receive each monthly payment is contingent only upon payment of the equitable distribution in full, not upon death or remarriage. The award is not subject to modification upon a change in the circumstances of either party. The express purpose for the award is to equitably divide marital property, providing monetary payments in exchange for full ownership and possession of several parcels of real property. Child support is addressed separately under the Marital Settlement Agreement, indicating that the equitable distribution payments did not exist to provide support for a dependent child. In addition, the agreement failed to mention physical health; levels of education; or need for support of either party, but it specifically included waivers by both parties to any claim for alimony of any kind.

There is nothing in the Marital Settlement Agreement or the Final Dissolution of Marriage that indicates that the equitable distribution award is alimony. All relevant facts and circumstances lead to the conclusion that the award is a property settlement. Thus, the equitable distribution payments are property of the bankruptcy estate pursuant to 11 U.S.C. § 541 and are not subject to exemption under 11 U.S.C. § 522(d)(10)(D).

Accordingly, it is

834

ORDERED that the Trustee's objection to exemption is sustained.