*By order of the Bankruptcy Appellate Panel, the precedential effect of this decision is limited to the case and parties pursuant to 6th Cir. BAP LBR 8013-1(b). See also 6th Cir. BAP LBR 8010-1(c).*

**File Name:  08b0011n.06**

## BANKRUPTCY APPELLATE PANEL OF THE SIXTH CIRCUIT

| | |
|---|---|
| In re:  DANIEL  W.  BROWN  AND LORA J. BROWN, | ) ) |
| Debtors. | ) ) ) |
| _____ | ) ) |
| LORA J. BROWN, | ) ) |
| Appellant/Cross-Appellee, | ) )   Nos. 07-8061; 07-8066 |
| v. | ) ) |
| JEFF A. MOYER, CHAPTER 7 BANKRUPTCY TRUSTEE, | ) ) ) |
| Appellee/Cross-Appellant. | ) ) ) |
| _____ | |

Appeal from the United States Bankruptcy Court
for the Western District of Michigan, at Grand Rapids.
No. 06-05085.

Submitted:  May 14, 2008

Decided and Filed:  June 11, 2008

Before: FULTON, McIVOR, and SCOTT, Bankruptcy Appellate Panel Judges.

_____

### COUNSEL

**ON BRIEF:**  Mitchell J. Hall, Jeff A. Moyer, THE BANKRUPTCY GROUP, INC., Wyoming, Michigan, for Appellee.  Lora J. Brown, Jenison, Michigan, pro se.

---

## OPINION

---

JOSEPH M. SCOTT, JR., Bankruptcy Appellate Panel Judge. The Appellant/Cross-Appellee ("Mrs. Brown") appeals the decision of the bankruptcy court disallowing her claim of exemption for spousal support in the amount of $90,000 pursuant to 11 U.S.C. § 522(d)(10)(D). The Appellee/Cross-Appellant (the "Trustee") appeals the decision of the bankruptcy court not to consider the Trustee's supplemental brief, which was filed after the briefing deadline established by the court.

### I.   ISSUES ON APPEAL

The issue presented in Case No. 07-8061 is whether the bankruptcy court erred in disallowing Mrs. Brown's claim of exemption for spousal support in the amount of $90,000 pursuant to 11 U.S.C. § 522(d)(10)(D). The issue presented in Case No. 07-8066 is whether the court erred in not considering the Trustee's supplemental brief, filed after the briefing deadline established by the court.

### II.   JURISDICTION AND STANDARD OF REVIEW

The Bankruptcy Appellate Panel of the Sixth Circuit ("BAP") has jurisdiction to hear and decide this appeal. 28 U.S.C. § 158(b)(1). The United States District Court for the Western District of Michigan has authorized appeals to the BAP, and neither party has timely elected to have this appeal heard by the district court. 28 U.S.C. §§ 158(b)(6), (c)(1). A final order of a bankruptcy court may be appealed by right under 28 U.S.C. § 158(a)(1). An order is final if it "'ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.'" *Midland Asphalt Corp. v. United States*, 489 U.S. 794, 798, 109 S. Ct. 1494, 1497 (1989) (citation omitted). A ruling on an objection to a debtor's claim of exemption is a final order for purposes of appeal. *Wicheff v. Baumgart (In re Wicheff)*, 215 B.R. 839, 840 (B.A.P. 6th Cir. 1998). The cross-appeal, assertion of a "procedural deficiency" by the bankruptcy court in not considering the Trustee's supplemental brief, is in the context of the court's ruling on the debtor's claim of exemption.

The BAP reviews the bankruptcy court's findings of fact for clear error and questions of law *de novo*. *Dery v. Cumberland Cas. & Sur. Co. (In re 5900 Assocs., Inc.)*, 468 F.3d 326, 329 (6th Cir. 2006) (citation omitted). "A factual determination is clearly erroneous 'when although there is evidence to support it, the reviewing court on the entire evidence is left with the definite and firm conviction that a mistake has been committed.'" *Bailey v. Suhar (In re Bailey)*, 380 B.R.486, 488 (B.A.P. 6th Cir. 2008) (citations omitted). "De novo review means that the appellate court determines the law independently of the trial court's determination." *Treinish v. Norwest Bank Minn., N.A. (In re Periandri)*, 266 B.R. 651, 653 (B.A.P. 6th Cir. 2001).

## III.   FACTS

On October 13, 2006, Dr. and Mrs. Brown filed a voluntary petition for relief under chapter 7 of the Bankruptcy Code.  Schedules also were filed. Personal property listed on Schedule B included Grandville Chiropractic, Inc. and a "contingent and unliquidated" claim, namely, "divorce," each with "zero value" and jointly held.  Schedule I, current income, stated that Mrs. Brown was receiving $1,100 monthly in "[a]limony, maintenance or support payments."  A separate Schedule J, current expenditures, was filed for each debtor because they maintained separate households. Statement of Financial Affairs listed their divorce case as "pending" and indicated Dr. Brown's separate address, from 2004 to 2006, with the explanation "moved because of divorce."

Apparently, four days after the filing, on October 17, 2006, dissolution of the parties' marriage was finalized.[1]  A document titled "Consent of Judgment of Divorce" includes, early in the agreement, the following language under the heading "SPOUSAL SUPPORT": "Neither [Dr. Brown] nor [Mrs. Brown] is entitled to spousal support.  Spousal support is forever barred." Alongside that paragraph are handwritten, and initialed, the words "See property division."  The property division section includes the following language:

GRANDVILLE CHIROPRACTIC PC.

[Dr. Brown] shall retain the business of Grandville Chiropractic, and will pay [Mrs. Brown] the sum of $90,000.00 for [Mrs. Brown's] share of said business.  Said

---

[1] The exact date is not certain from the record on appeal.  However, along with the words "give to client," the date October 17, 2006, is handwritten on the Consent Judgment of Divorce.  Regardless of the exact date that the divorce was finalized, the bankruptcy court "treat[ed] the obligation as having arisen prepetition since that interpretation most favors Ms. Brown."  (Appellee/Cross-Appellant's App. at 289.)

payment shall commence November 12, 2006 and shall be in the amount of $800.00 per month. Commencing on June 12, 2007, [Dr. Brown's] payments shall increase to the amount of $1,100.00 per month. The entire balance due and owing shall be paid in full no later than 5 years from the entry of this Judgment of Divorce. This $90,000.00 shall carry a simple interest rate of 6% (six percent per annum).

The agreement notes that Dr. Brown's employment is Grandville Chiropractic PC ("Grandville Chiropractic") and that Mrs. Brown is a real estate agent. The agreement also provides that Dr. Brown pay $300.00 per month in child support until May 12, 2007, (the month prior to when the Grandville Chiropractic payments increase) and that uninsured medical and dental expenses for the parties' minor child be split between the parties according to their income, with Dr. Brown paying 70% and Mrs. Brown paying 30%. Under the heading "Miscellaneous Provisions," the agreement states that "[t]he property division provisions of this Judgment fully satisfies [sic] all claims either party may have against the other except for obligations and reservations contained in it" and that the parties "have filed a joint bankruptcy." The agreement is signed by Dr. and Mrs. Brown as well as their respective counsel.

On February 20, 2007, the chapter 7 trustee (the "Trustee") filed two motions to compel turnover. He asserted in both motions that the parties had not disclosed or exempted the payments to Mrs. Brown under the divorce agreement for her interest in Grandville Chiropractic and, citing §§ 542(a) and 521, that past payments, in the total amount of $3,200.00, and all future payments should be turned over to him as trustee of the bankruptcy estate. Attorney Christian G. Krupp, II, who had filed the petition, filed an objection asserting that the payments were spousal support.[2] On March 29, 2007, a hearing was conducted.[3] The following day, on March 30, 2007, the bankruptcy court entered two orders reflecting its decision at the hearing. One order denied without prejudice the Trustee's request for turnover of future payments from Dr. Brown. The second granted the Trustee's request for turnover of past payments from Mrs. Brown. Specifically, Mrs. Brown was

---

[2] Mrs. Brown was represented during the divorce proceedings by attorney Dawn I. Krupp, and Dr. Brown was represented by Dana Snoap. The record on appeal does not disclose the relationship, if any, between Mrs. Brown's divorce counsel and the parties' bankruptcy counsel, although in briefing Mrs. Brown refers to "the law firm that represented me in my divorce and joint bankruptcy." (Appellant/Cross-Appellee's brief at 4.)

[3] Reference was made at the hearing to Dr. Brown's having separate counsel, although Dr. Brown was not represented there by separate counsel.

ordered to turnover, or to account for, all payments that she had received to date and all future payments, unless she was successful in claiming them as exempt.

Three attempts were made to amend Mrs. Brown's Schedules. Amended Schedules B and C were filed on April 23, 2007, and on April 24, 2007, but were struck by orders entered those same days because the amendments did not include a case number. Corrected schedules were filed for a third time on April 25, 2007, and an order striking was entered. This time the amendments were struck because Mrs. Brown had not signed them, as required by Federal Rule of Bankruptcy Procedure 1008.[4] However, the order striking was not entered in the record until September 18, 2007. Each order striking states: "The document must be refiled with the Court to correct the defect within twenty (20) days of the date below. A defective pleading which is timely filed to correct the defect, [sic] shall be considered filed as of the date that the pleading was originally received by the Court." (Appellee/Cross-Appellant's App. at H, K, P.) Mrs. Brown corrected the "defect" in the third amendments by signing them at a hearing on September 20, 2007, at which time they were "bench filed." Amended Schedule B, in addition to Mrs. Brown's signature, adds the entry "spousal support" in the amount of $90,000. Amended Schedule C, in addition to Mrs. Brown's signature, adds a claimed exemption in Grandville Chiropactic, pursuant to 11 U.S.C. § 522(d)(5), with an exemption value of $100 and no current value. The amendment also adds a claimed exemption in "spousal support," pursuant to 11 U.S.C. § 522(d)(10)(D) in the amount of $90,000, § 522(d)(5) in the amounts of $1,730.00 and $16,480.00, with the current value of the property as $90,000.

On May 21, 2007, the trustee filed an objection to Mrs. Brown's claimed exemptions. Hearings were conducted on July 12, 2007, August 2, 2007, and September 20, 2007. Soon after the second adjournment, on August 6, 2007, the bankruptcy court entered an order outlining two issues to be briefed, establishing a briefing deadline, and scheduling the hearing on September 20, 2007. The order states: "The parties shall have until **September 14, 2007**, to file and serve their respective briefs on these issues. No other briefs may be filed without leave of court." (Appellee/Cross-Appellant's App. at 309.)

The Trustee and counsel for Mrs. Brown filed their briefs on September 14, 2007, and the Trustee filed a supplemental brief on September 17, 2007. As noted previously, an order striking

---

[4] Further references to the Federal Rules of Bankruptcy Procedure will be made as "Bankruptcy Rule ___".

Mrs. Brown's April 25, 2007, amended Schedules was entered on September 18, 2007, and the amendments were signed and filed on September 20, 2007, at the adjourned hearing on the Trustee's objections to Mrs. Brown's claim of exemptions. The court delivered a bench opinion on September 24, 2007. The court stated that it was not considering the Trustee's supplemental brief "because it was filed without permission after the September 14th, 2007, briefing deadline set in my August 6th scheduling order." (Appellee/Cross-Appellant's App. at 286.)

On October 3, 2007, Mrs. Brown timely filed her *pro se* appeal, and nine days later, on October 12, 2007, the Trustee filed his cross-appeal.

## IV. DISCUSSION

### A. BAP No. 07-8066 (Procedural Issue):

In the cross-appeal, BAP No. 07-8066, the Trustee asserts that the bankruptcy court erred in not considering his supplemental brief when ruling on Mrs. Brown's claim of exemptions. He concedes that his brief was late-filed, but argues that it should have been considered by the court because it was filed prior to the hearing at which the amendments to schedules were "bench filed"–thus in effect asserting that there were no amendments until then. The Trustee also argues that his brief should have been considered because it addressed the "valid and determinative" issue of the untimeliness of Mrs. Brown's claim of exemptions, given that the ten-day filing requirement of Bankruptcy Rule 1007(h) was not followed and "excusable neglect" pursuant to Bankruptcy Rule 9006(b)(1) was not asserted.

The Trustee's supplemental brief clearly, and admittedly, was filed in violation of the court's scheduling order: "The parties shall have until **September 14, 2007**, to file and serve their respective briefs on these issues. No other briefs may be filed without leave of court." (Appellee/Cross-appellant's App. at 309.) There is no conclusion but that the brief was out-of-time. Consequently, the Trustee's argument that Mrs. Brown is not entitled to any exemption because her amendments were untimely is raised for the first time on appeal. Generally, a reviewing court will not consider an issue raised for the first time on appeal. *Stevenson v. J.C. Bradford & Company (In re Cannon)*, 277 F.3d 838, 848 (6th Cir. 2002). Even so, exceptional circumstances may warrant a departure from the general rule. *Poss. v. Morris (In re Morris)*, 260 F.3d 654, 663 (6th Cir. 2001).

However, the Trustee's argument of untimeliness is misplaced. The Trustee's objection to Mrs. Brown's claim of exemptions was filed nearly one month after her third effort to file amended schedules, on May 21, 2007, and the Trustee did not raise the issue of untimeliness until his supplemental brief was filed on September 17, 2007. In the interim of almost four months, the parties and the court addressed the validity of Mrs. Brown's claim of exemptions on substantive grounds only, in briefing as well as in multiple court hearings. Therefore, the Trustee can be said to have waived his assertion of untimeliness. As for the Trustee's argument that no amendments existed at the time of the September 20, 2007, hearing, correction of the defect in the amendments by Mrs. Brown's signing them in court was timely, and consequently the amendments became effective as of the date they were filed, April 25, 2007.

In addition, case management decisions, such as the bankruptcy court not considering the Trustee's supplemental brief because it was filed without permission after the briefing deadline, are reviewed for abuse of discretion. *See Int'l Union v. General Motors Corp.*, 497 F.3d 615, 625 (6th Cir. 2007). Under this standard, the bankruptcy court's decision will be disturbed only if the court "relied upon clearly erroneous findings of fact, improperly applied the governing law, or used an erroneous legal standard." *Elec. Workers Pension Trust Fund of Local Union # 58 v. Gary's Elec. Serv. Co.*, 340 F.3d 373, 378 (6th Cir. 2003) (citing *Blue Cross & Blue Shield Mut. v. Blue Cross & Blue Shield Ass'n*, 110 F.3d 318, 322 (6th Cir. 1997)). Here, the court did not abuse its discretion.

**B.  BAP No. 07-8061 (Substantive Issue):**

Mrs. Brown appeals that portion of the bankruptcy court's decision concerning her claim of exemption for spousal support pursuant to § 522(d)(10)(D).

Upon the commencement of a bankruptcy case, a bankruptcy estate is created which is comprised of "all legal and equitable interests of the debtor in property as of the commencement of the case." 11 U.S.C. § 541(a). This estate is created for the benefit of distribution to creditors. Even so, the debtor may exempt certain property from the bankruptcy estate. 11 U.S.C. § 522(b). *See Lebovitz v. Hagemeyer (In re Lebovitz)*, 360 B.R. 612, 618 (B.A.P. 6th Cir. 2007). In Michigan, a debtor may choose from either state law exemptions or federal exemptions. The Browns elected the federal exemptions listed in 11 U.S.C. § 522(d).

Section 522(l) of the Bankruptcy Code requires a debtor to file with the court a list of property that he or she wishes to exempt from the bankruptcy estate. Those proposed exemptions must be listed on the debtor's Schedule C and must include a description of the property exempted, the statutory section authorizing the exemption, the value of the exemption, and the market value (less applicable liens) of the exempted property. Fed. R. Bankr. P. 4003(a). Unless a party in interest objects to the listed exemption within 30 days of the close of the meeting of creditors or within 30 days after a subsequent amendment to the schedule, the property claimed as exempt is exempt, revests in the debtor, and is no longer property of the estate. 11 U.S.C. § 522(l); Fed. R. Bankr. P. 4003(b); *In re Brown*, 178 B.R. 722, 727 (Bankr. E.D. Tenn. 1995).

*Olson v. Anderson (In re Anderson)*, 377 B.R. 865, 874 (B.A.P. 6th Cir. 2007).

Exemptions should be liberally construed in favor of the debtor.

[I]t is well established that exemptions should be construed liberally in favor of the debtor. *See, e.g., In re Ciotta*, 222 B.R. 626, 630 (Bankr. C.D.Cal. 1998) ("Several bankruptcy courts have held that when Congress' intent is ambiguous, bankruptcy exemptions should be liberally interpreted in favor of the Debtor."); *In re Chavis*, 207 B.R. 845, 846 (Bankr. W.D.Pa. 1997) ("Bankruptcy exemptions should be construed liberally in favor of debtors."); *Gaertner v. Claude (In re Claude)*, 206 B.R. 374, 377 (Bankr. W.D.Pa. 1997) ("[I]f it is possible to construe an exemption statute in ways that are both favorable and unfavorable to a debtor, then the favorable method should be chosen."); *In re Martinez-Whitford*, 199 B.R. 74, 77 (Bankr. D.Mass. 1996) ("It is axiomatic that bankruptcy exemptions should be liberally construed in favor of debtors.")

*Christo v. Yellin (In re Christo)*, 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999). The party objecting to an exemption has the burden of proving that the property claimed by the debtor should not be exempted. Fed. R. Bankr. P. 4003(c).

Because the Browns filed their bankruptcy petition after October 17, 2005, their case is governed by the Bankruptcy Code as amended by the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). Therefore, all statutory references are to the BAPCPA, 11 U.S.C. § 101 to § 1534 (2005), unless otherwise specifically noted.

Although § 522 was significantly amended by BAPCPA, the particular subsection applicable here was not. 11 U.S.C. § 522(d)(10)(D) states that property which may be exempted is the debtor's right to receive "alimony, support, or separate maintenance, to the extent reasonably necessary for the support of the debtor and any dependent of the debtor." This provision is one of five that allows for the exclusion of non-wage income from a debtor's bankruptcy estate. Social Security, disability,

and veterans' benefits are examples of others. Counsel for Mrs. Brown argued before the bankruptcy court that the addition of the term "domestic support obligation" by BAPCPA, as 11 U.S.C. § 101(14A), makes a difference in the reading of § 522(d)(10)(D). Specifically, counsel argued that the definition includes an obligation which is "in the nature of" alimony "without regard to whether such debt is expressly so designated." *See* 11 U.S.C. § 101(14A)(B).

Indeed, the term "domestic support obligation" is used in § 523(a)(5), which was altered substantially by BAPCPA. In effect, rather than a domestic support obligation being described in § 523(a), the term and an expansive definition were added to the Bankruptcy Code as § 101(14A). "Many of the concepts previously found in § 523(a)(5) were extracted and put into the definition, now known as § 101(14A)." Hon. Judith K. Fitzgerald, *We All Live in a Yellow Submarine: BAPCPA's Impact on Family Law Matters*, 31 S. ILL. U. L.J. 563, 564 (2007). Notably, the phrase "domestic support obligation" is not used in § 522(d)(10)(D), which as stated previously was not altered in any pertinent way by BAPCPA. To put it simply, "domestic support obligation," a defined term in the Bankruptcy Code, is not used in the exemption statute. "Congress acts intentionally and purposely when it includes particular language in one section of a statute but omits it in another." *BFP v. Resolution Trust Corp.*, 511 U.S. 531, 537, 114 S. Ct. 1757, 1761 (1994) (citation omitted). Since BAPCPA did not alter § 522(d)(10)(D), the approach to a determination of whether Dr. Brown's obligation to pay Mrs. Brown $90,000 over a period of time is alimony/spousal support or property settlement is the same as it was before enactment of BAPCPA.

One bankruptcy court summarized the state of pre-BAPCPA law regarding § 522(d)(10)(D) as follows:

> [F]or the purposes of exemption, some disagreement exists over whether a bankruptcy court has the authority to look behind the label applied to an award by a divorce court's judgment. *Compare In re Bentley*, 245 B.R. 684, 686-87 (Bankr. D. Kan. 2000) (alimony lien labeled as such by state court was entitled to exemption, as the state court decision was entitled to full faith and credit), *with In re Sheffield*, 212 B.R. 1019, 1020-21 (Bankr. M.D. Fla. 1997) ("[l]ogic dictates that what constitutes alimony for purposes of § 523(a)(5), and what constitutes alimony for purposes of § 522(d)(10)(D), should involve the same criteria"), *and In re Joseph*, 157 B.R. 514, 517-18 (Bankr. D. Conn. 1993) ("[t]here is no readily apparent reason why a bankruptcy court should use different standards in reviewing alimony awards in the nondischargeability instance and in the exemption instance"), *and In re Benjamin*, 136 B.R. 574, 576 (Bankr. S.D. Fla. 1992) (the award labeled by the state

court as lump sum alimony award was really an equitable distribution in the nature of a property settlement and, thus, not exempt).

*In re Ellertson*, 252 B.R. 831, 833 (Bankr. S.D. Fla. 2000). In sum, there was a "split of authority."

The leading published case in the Sixth Circuit addressing § 522(d)(10)(D) is *Harbaugh v. Sweet (In re Harbaugh)*, 257 B.R. 485 (E.D. Mich. 2001). In *Harbaugh*, the trustee objected to the debtor's exemption of payments owed to her pursuant to a judgment of divorce. Like this case, *Harbaugh* concerned installment payments to be made over time, but the payments in *Harbaugh* were designated in the parties' divorce agreement as alimony. In answering the question of how to define "alimony" under the exemption statute, the court stated:

> A federal exemption is at issue here, and . . . it should be interpreted to have a nationally uniform meaning. Such uniformity would be undermined if the federal courts gave unquestioning credence to the varying case-by-case nomenclature offered by state courts.
>
> . . . [T]he text, history, and structure of the statute suggest that Congress intended for section 522(d)(10)(D) to exempt only those monies . . . that concern general spousal sustenance. . . . [W]hen a federal exemption is invoked, a federal definition of alimony applies.

*Id.* at 490-91.

Having defined "alimony" in the exemption statute as "general spousal sustenance," the *Harbaugh* court looked at the facts of the case before it and stated:

> [S]ection 522(d)(10)(D), when read as a whole, exempts any payments from the bankruptcy estate that (1) are *intended by the parties or the state court* to support a spouse *and* (2) are, *in the judgment of the bankruptcy court*, reasonably necessary for such purpose. By focusing on the questions of whether divorcing parties have intended purported alimony to be used for basic sustenance and if the amount is reasonably necessary to achieve that purpose, the Court can bypass the formal issue of nomenclature, look to the substance of the obligation, and, in the meantime, uphold Congress' intent.

*Id.* at 491 (footnote omitted) (emphasis added). After noting that the bankruptcy court held an evidentiary hearing, the appellate court found that the trial court had "sufficient evidence" to conclude that the trustee had failed to carry his burden of proof. The *Harbaugh* court affirmed the bankruptcy court's order and held that the challenged payments were exempt from the bankruptcy estate. Although not authoritative precedent, *Harbaugh* is persuasive.

In reaching its conclusion in the case before the Panel, the bankruptcy court stated that it was "not satisfied that the $90,000 obligation is, in fact, in the nature of alimony, given that it is for a sum certain based upon an acknowledged asset with a fixed payment period as opposed to one conditioned upon remarriage or death." (Appellee/Cross-Appellant's App. at 297.) The court reached this conclusion without an evidentiary hearing, thus without any testimonial or documentary evidence, such as testimony of the parties or presentation of their income tax returns to see if any claim of alimony was made by either party on those returns, and without making any findings of fact, pursuant to Bankruptcy Rules 9014(c) and 7052. Furthermore, the bankruptcy court concluded that its determination that the obligation was a property settlement, rather than alimony, precluded any determination of the extent to which it was "reasonably necessary."

Because published case law addressing 11 U.S.C. § 522(d)(10)(D), especially since BAPCPA, is scarce, *Milligan v. Evert (In re Evert)*, 342 F.3d 358 (5th Cir. 2003), is helpful. Like this case, *Evert* involved a lump sum award from a divorce settlement, with monthly installment payments and annual interest. Unlike this case, in *Evert* the parties' agreement included a promissory note for the lump sum award as well as language concerning alimony payments. In discussing whether the factors applied in a § 523(a)(5) case should be applied in a § 522(d)(10)(D) case, the Fifth Circuit stated:

> [A]t least for purposes of section 522(d)(10)(D), where in the agreed divorce decree there is 1) also a meaningful separate alimony provision, 2) the obligation in question is described as being part of the property division, 3) the label given to the obligation in question is matched by its actual characteristics, and 4) the evidence does not suggest the parties conspired to disguise the true nature of the obligation in order to subvert the bankruptcy or tax laws, there is no ambiguity necessitating the use of . . . factors to essentially work backwards to determine the nature of the obligation.

*Id.* at 368.

In the case before the Panel, unlike the *Evert* case, the judgment of divorce is ambiguous because of the handwritten addition. The bankruptcy court interpreted the handwritten reference to the property settlement as "acknowledgment by both parties that alimony was unnecessary because Ms. Brown's interest in the chiropractic business, which Dr. Brown had agreed to purchase from her for $90,000, made an alimony award unnecessary." (Appellee/Cross-Appellant's App. at 294.) This interpretation indeed may be the correct one. However, it is equally plausible that the reference

-11-

means that the payments *are* spousal support, particularly in light of the parties having stated in their original Schedule B[5] that Mrs. Brown was receiving $1,100 a month in "alimony, maintenance or support," the exact amount that, pursuant to their divorce agreement, Dr. Brown was required to pay monthly in child support and payments related to Grandville Chiropractic. Because of the ambiguity created by the handwritten addition, any interpretation of the addition is premature without an evidentiary hearing. An evidentiary hearing will allow the bankruptcy court not only to hear and observe the parties regarding intent but also to consider any documentary evidence, such as their income tax returns, and will provide a basis for the court to make findings of fact.

In summary, while the court is not required to apply 11 U.S.C. § 101(14A) in reviewing payments exempted under § 522, the court is still required under federal exemption law to make a factual determination as to whether an asset labeled as "alimony" is properly exempted under § 522(d)(10)(D). Such a conclusion cannot be reached without the bankruptcy court conducting an evidentiary hearing and making findings of fact and conclusions of law. After an evidentiary hearing, the bankruptcy court can determine, upon applying the standard outlined in *Harbaugh*, if the Trustee produced sufficient evidence to carry his burden of proof in objecting to Mrs. Brown's claim of exemption for spousal support in the amount of $90,000 pursuant to § 522(d)(10)(D).

## V. CONCLUSION

For the foregoing reasons, the decision of the bankruptcy court as to Case No. 07-8066 is AFFIRMED, and Case No. 07-8061 is REMANDED.

---

[5] Schedule B was filed on October 13, 2006.