In re Daniel Aldrick COKER Robin Rae Coker, Debtors.

Daniel A. Coker, Plaintiff,

v.

Cynthia Coker, Defendant.

Bankruptcy No. 91–7206–8P7.
Adversary No. 00–653.

United States Bankruptcy Court,
M.D. Florida,
Tampa Division.

Aug. 13, 2001.

Leonard J. Connors, Plant City, FL, for plaintiff.

David H. Barnhill, Plant City, FL, for defendant.

## FINDINGS OF FACT, CONCLUSIONS OF LAW AND MEMORANDUM OPINION

ALEXANDER L. PASKAY, Chief Judge.

The matter before this Court involves a post-divorce litigation where the parties who thought that once the marriage was dissolved their problem would be basically resolved. However, it is not unusual that it spawns more litigation especially when one of the spouses seeks relief in bankruptcy. The precise matter before this Court is an adversary proceeding commenced by a pleading entitled "Petition to Determine Dischargeability of Debt" (sic). The original "Petition," treated as a Complaint, was dismissed and the matter before this Court is the "Amended Petition to Determine Dischargeability of Debt," treated as an Amended Complaint.

The Amended Complaint is filed by Daniel A. Coker (Debtor) and it names Cynthia Coker (Ms. Coker), his ex-wife, as the defendant. The present controversy centers around a provision of the Final Judgment of Dissolution of Marriage of the Debtor and Ms. Coker entered on the 12th of September 1985 by the Thirteenth Judicial Circuit Court in and for Hillsborough County, Florida (the Circuit Court). The Final Judgment awarded, *inter alia,* $7,000.00 to Ms. Coker as "lump sum alimony." It is the contention of the Debtor that this obligation has been discharged with the entry of the general Discharge Order and the Final Decree on March 23, 1992. Ms. Coker filed her Answer to the Amended Complaint, which included certain affirmative defenses. Among the several affirmative defenses, she contends that the obligation imposed on the Debtor by the Circuit Court, that is the sum of

$7,000.00, is within the exception to the discharge pursuant to 11 U.S.C. § 523(a)(5).

In her Third Affirmative Defense, which is based on Section 523(a)(3) Ms. Coker also contends that the obligation imposed on her former husband is not dischargeable because the Debtor failed to schedule her as a creditor in his bankruptcy case. The Fourth Affirmative Defense is based on the proposition that alternatively the debt is excepted from the discharge by virtue of Section 523(a)(15). This affirmative defense contains no factual allegations at all in support of this contention.

The facts relevant to the sole limited issue which is the dischargeability, *vel non*, of the $7,000.00 monetary award as established at the final evidentiary hearing can be summarized as follows.

The Debtor and Ms. Coker were married on August 12, 1978. There are two children from the marriage. Some time in 1985 the Debtor filed his Petition for Dissolution of Marriage and Ms. Coker filed her Counterpetition for Dissolution of Marriage. It is to be noted in this connection that Ms. Coker did not seek alimony in her Counterpetition for Dissolution of Marriage. She only sought a final decree dissolving the marriage, the award of custody of the children, partition of certain premises and reasonable attorney's fees.

As noted earlier, on September 12, 1985, the Circuit Court entered a Final Judgment of Dissolution of Marriage. The Final Judgment provided, *inter alia*, several provisions dealing with child support and the division of property. The present dispute is based on Paragraph 8 of the Final Judgment, which provides as follows:

8. *In return for the Wife's interest in the house and for other considerations, the Husband shall pay lump-sum alimony of $7,000.00 to the Wife. Jurisdiction is reserved to determine the date by which said ali-* mony is to be due and what amount of interest, if any, shall be due thereon."

(emphasis supplied).

Based on the undisputed facts that the so-called lump sum alimony was granted in return for the wife's interest in the house facially, notwithstanding the use of the term alimony, it appears to be a monetary award for property settlement.

The evidence presented in support of the Debtor's contention that the $7,000.00 monetary award is not in the nature of true support, relies on the deposition of his attorney who repeatedly stated that there was never any discussion about any provision for alimony. There was no intention to deal with this question, especially since she didn't ask for alimony. Counsel for the Debtor stated in his deposition that he never knew what the language, "and for other considerations" meant.

To overcome the Debtor's case, Ms. Coker contends that the phrase in Paragraph 8, "and for other considerations" has some significance although the record is silent as to the meaning of that expression.

It is well established and requires no elaborate citation of authorities to support the proposition that whether or not a monetary award in a Final Decree dissolving marriage was true alimony— that is, true in the nature of support—or a property settlement is determined by Federal law. *In the Matter of Woods,* 561 F.2d 27 (7th Cir.1977). It is equally true that the label placed on the obligation by the Divorce Court is not controlling and the Court must proceed to determine the true nature of the obligation notwithstanding the label placed upon the award. *In re Sampson,* 997 F.2d 717 (10th Cir.1993).

The Courts having considered this issue developed a test and consider the following factors in determining whether or not a provision in a separation or di-

vorce decree is in fact alimony, maintenance or support:

1. Whether the obligation under consideration is subject to contingencies such as death or remarriage;

2. Whether the payment was fashioned in order to balance disparate incomes of the parties;

3. Whether the obligation is payable in installments or in a lump sum;

4. Whether there are minor children involved in the marriage requiring support;

5. The respective physical health of the spouse, and the level of education; and

6. Whether, in fact, there was need for support at the time of the circumstances of the particular case.

*In re Bowsman*, 128 B.R. 485, 487 (Bankr. M.D.Fla.1991).

■ In addition, some courts also considered whether or not the decree contains any provision for payment of alimony or a provision for disposition of the marital property. Courts also considered whether or not the award is final; that is, it is no longer subject to adjustment upward or downward based on changed circumstances. They also considered whether the enforcement of the award is not by contempt, which is the traditional method to enforce alimony and child support obligations, but by execution and levy, which is just like any other money judgments. *In re Adams*, 200 B.R. 630 (N.D.Ill.1996).

In considering the scope and extent of Section 523(a)(5), the Eleventh Circuit held that the Bankruptcy Court, in considering the applicability of this exception, be required to determine nothing more than whether the support label accurately reflects that the obligation at issue is actually in the nature of alimony and support. *In re Strickland*, 90 F.3d 444, 446 (11th Cir. 1996).

■ In the present instance it is clear that the award is cast in the form of a money judgment. The award is not subject to any contingency, death or remarriage. It appears to be a final, fixed determination. And Ms. Coker never sought the enforcement of this obligation by commencing a contempt proceeding, but merely obtained an order from the Circuit Court entered on December 2, 1985, which ordered the Debtor to pay the lump sum alimony of $7,000.00 in annual installments. The December 2nd Order further provided that if the annual payment was not made on time there would be interest due at the statutory rate of 12 percent until paid.

In sum, considering the lack of intention of Ms. Coker to seek alimony, coupled with the factors recited above, this Court is satisfied that the $7,000.00 monetary award is in the nature of a property settlement based on the clear language set forth in the Final Judgment of Dissolution of Marriage. Therefore, it is not within the exception to discharge of Section 523(a)(5).

■ As noted earlier, in one of her affirmative defenses, Ms. Coker contended that the lump sum alimony award is nondischargeable pursuant to Section 523(a)(15). Clearly, the assertion of a claim of nondischargeability is not an affirmative defense as a matter of law. It should have been asserted by way of a counterclaim. Also, Section 523(a)(15) was designed to determine the dischargeability of the allocation of an obligation to pay joint incurred debts *during the marriage*. This exception is not an alternative of the exception under Section 523(a)(5), which exception is expressly excluded from Section 523(a)(15).

■ Lastly, there is nothing in this record, even if one assumes that this monetary award might possibly be an obligation that could be covered by Section 523(a)(15), to establish any facts support-

ing the applicability of this exception. This being the case, this Court is satisfied that the claim of nondischargeability based on this section is first, procedurally improperly presented and second, it is not the type of obligation that would be within the contemplation of Section 523(a)(15). In any event, there was no evidence presented in this record to establish a viable claim of nondischargeability under Section 523(a)(15).

A separate final judgment shall be entered in accordance with the foregoing.